B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of Nebraska

In re    **Robert Lee Pelshaw**_____,    Case No. _____**10-80982**_____

                                        Debtor

                                                          Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 320,000.00 | | |
| B - Personal Property | Yes | 5 | 1,626,550.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 363,556.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 1,200.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 25 | | 19,908,148.63 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 10,850.00 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 7,650.00 |
| Total Number of Sheets of ALL Schedules | | 42 | | | |
| | Total Assets | | 1,946,550.00 | | |
| | | Total Liabilities | | 20,272,904.63 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of Nebraska

In re    **Robert Lee Pelshaw**
_____,    Case No. ___**10-80982**_____
Debtor

Chapter _____**11**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Robert Lee Pelshaw**                       ,    Case No.    **10-80982**
                                       Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

     **Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

     If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Home residence, Location: 1236 Cork Dr., Papillion NE** | **Legal** | - | **320,000.00** | **349,153.00** |

| | | | Sub-Total > | **320,000.00** | (Total of this page) |
|---|---|---|---|---|---|
| | | | Total > | **320,000.00** | |

   **0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                               Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   **Robert Lee Pelshaw** _____ ,   Case No. ___**10-80982**_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account at Bank of the West** | - | **800.00** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods** | - | **50,000.00** |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Art** | - | **5,000.00** |
| 6.  Wearing apparel. | | **Clothing** | - | **200.00** |
| 7.  Furs and jewelry. | | **Watches** | - | **3,000.00** |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >     **59,000.00**
(Total of this page)

___**4**___ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Robert Lee Pelshaw**                                          ,    Case No.    **10-80982**
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Ameritrade Account | - | 0.00 |
| | | 100% interest in R.L. Pelshaw Co. | - | 52,500.00 |
| | | 100% interest in Washco LLC | - | 80,000.00 |
| | | 100% interest in Sutherlands Plaza LLC | - | 200,000.00 |
| | | 50% interest in Red Oak Properties LLC | - | 120,000.00 |
| | | 50% interest in Nick & Bob LLC | - | 2,000.00 |
| | | 50% interest in Mero Mero Corp (Debtor is claiming ownership interest and value in this company. However this is based upon the assumption by the Debtor that certain Adversary Proceeding will be successful in recovery of his ownership interests. At this time the Debtor claims but is not actually the holder of the interest as described for this interest in this company(s) and has estimated the values of his interest in view of his claims which will be asserted in such proceedings.) | - | 65,000.00 |
| | | 85% interest in Roberts Academy of Hair Design (Debtor is claiming ownership interest and value in this company. However this is based upon the assumption by the Debtor that certain Adversary Proceeding will be successful in recovery of his ownership interests. At this time the Debtor claims but is not actually the holder of the interest as described for this interest in this company(s) and has estimated the values of his interest in view of his claims which will be asserted in such proceedings.) | - | 0.00 |

Sub-Total >                **519,500.00**
(Total of this page)

Sheet  **1**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                              ,      Case No.   __10-80982__
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 50% interest in Pelstar Development LLC (Debtor is claiming ownership interest and value in this company. However this is based upon the assumption by the Debtor that certain Adversary Proceeding will be successful in recovery of his ownership interests. At this time the Debtor claims but is not actually the holder of the interest as described for this interest in this company(s) and has estimated the values of his interest in view of his claims which will be asserted in such proceedings.) | - | 1,035,500.00 |
| | | 50% interest in Pelstar Airplane LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Broken Bow LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Buffalo LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Custer LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Doniphan LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Gothenburg LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Kimball LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Larned LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Lyons LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Mountain View LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Thermopolis LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 50% interest in Pelstar Ainsworth LLC (sub of Pelshaw Development LLC) | - | 0.00 |
| | | 30% interest in CAP Properties | - | 0.00 |

Sub-Total >      1,035,500.00
(Total of this page)

Sheet __2__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Robert Lee Pelshaw**_____,    Case No.    **10-80982**_____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **100% interest in Property Energy Solutions LLC** | **-** | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Sub-Total >     **0.00**
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   __Robert Lee Pelshaw_____,   Case No.   __10-80982_____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Jeep Grand Cherokee Limited** | - | 12,550.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > | 12,550.00 |
| (Total of this page) | |
| Total > | 1,626,550.00 |

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

.

In re  **Robert Lee Pelshaw**_____,    Case No. ____**10-80982**_____
                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account at Bank of the West** | **Neb. Rev. Stat. § 25-1552** | 800.00 | 800.00 |
| **Household Goods and Furnishings** | | | |
| **Household goods** | **Neb. Rev. Stat. § 25-1556 (3)** | 1,500.00 | 50,000.00 |
| **Wearing Apparel** | | | |
| **Clothing** | **Neb. Rev. Stat. § 25-1556(2)** | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| **Watches** | **Neb. Rev. Stat. § 25-1552** | 1,200.00 | 3,000.00 |
| **Stock and Interests in Businesses** | | | |
| **Ameritrade Account** | **Neb. Rev. Stat. § 25-1552** | 500.00 | 0.00 |
| | Total: | 4,200.00 | 54,000.00 |

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re  **Robert Lee Pelshaw**                                                                                    ,  Case No.  __10-80982__
                                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxx1109**<br><br>**Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** | - | | Opened 11/25/09 Last Active 2/24/10<br><br>**Second Mortgage**<br><br>**Home residence, Location: 1236 Cork Dr., Papillion NE** | | | | | |
| | | | Value $        320,000.00 | | | | 107,586.00 | 29,153.00 |
| Account No. **x0731**<br><br>**Mutual Of Omaha Bank**<br>**3333 Farnam St.**<br>**Omaha, NE 68131** | - | | Opened 5/01/08 Last Active 2/26/10<br><br>**First Mortgage**<br><br>**Home residence, Location: 1236 Cork Dr., Papillion NE** | | | | | |
| | | | Value $        320,000.00 | | | | 236,767.00 | 0.00 |
| Account No. **xxxxxxx6REV**<br><br>**Nebraska Furniture Mart**<br>**Attn: Legal Dept**<br>**700 S 72nd St**<br>**Omaha, NE 68103** | - | | Opened 10/01/05 Last Active 12/15/09<br><br>**Purchase Money Security**<br><br>**Household goods** | | | | | |
| | | | Value $        50,000.00 | | | | 14,403.00 | 0.00 |
| Account No.<br><br>**Jennifer J. Taylor**<br>**Attorney at Law**<br>**8712 W Dodge Rd. #400**<br>**Omaha, NE 68114** | | | **Representing:**<br>**Nebraska Furniture Mart** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| __1__  continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 358,756.00 | 29,153.00 |

B6D (Official Form 6D) (12/07) - Cont.

In re  **Robert Lee Pelshaw**_____,    Case No. __**10-80982**_____
                                   Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Real Estate Taxes | | | | | |
| **Sarpy County Treasurer** **1210 Golden Gate Dr.** **#1127** **Papillion, NE 68046** | - | | **Home residence, Location: 1236 Cork Dr., Papillion NE** | | | | | |
| | | | Value $              **320,000.00** | | | | **4,800.00** | **0.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __**1**__ of __**1**__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | **4,800.00** | **0.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **363,556.00** | **29,153.00** |

B6E (Official Form 6E) (4/10)

.

In re    **Robert Lee Pelshaw** _____,    Case No. ___**10-80982**_____
_____Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_____

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

__1__    continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Robert Lee Pelshaw** _____,    Case No.    **10-80982** _____
                                              Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | 2008 | | | | | |
| **Kansas Dept of Revenue** **915 SW Harrison St.** **Topeka, KS 66625** | - | | | | | | | 0.00 |
| | | | | | | | 1,200.00 | 1,200.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | |
| | 1,200.00 | 1,200.00 |
| Total (Report on Summary of Schedules) | 0.00 | |
| | 1,200.00 | 1,200.00 |

B6F (Official Form 6F) (12/07)

In re    **Robert Lee Pelshaw** _____,    Case No.    **10-80982** _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor has no creditors with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. <br><br>**Abe's Trash Service** <br>**8123 Christensen Lane** <br>**Omaha, NE 68122** | - | | | | X | X | X | 931.90 |
| Account No. <br><br>**Acord** <br>**PO Box 45279** <br>**Omaha, NE 68145** | - | | | | | | | 212.00 |
| Account No. <br><br>**ADT Security** <br>**PO Box 371490** <br>**Pittsburgh, PA 15250** | - | | | | | | | 196.56 |
| Account No. <br><br>**Aksarben Heating Air Conditioning** <br>**7070 S 108th St.** <br>**La Vista, NE 68128** | - | | | | X | X | X | 575.12 |
| __24__   continuation sheets attached | | | | Subtotal <br>(Total of this page) | | | | 1,915.58 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    S/N:28341-100419    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                              ,    Case No. ____**10-80982**____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | | | | | |
| **Alarm Sales & Service 902 Chisholm Trail Papillion, NE 68046** | - | | | | X | X | X | |
| | | | | | | | | 107.00 |
| Account No. | | | | | | | | |
| **All American Plumbing PO Box 100 Caldwell, ID 83606** | - | | | | X | X | X | |
| | | | | | | | | 150.00 |
| Account No. | | | | | | | | |
| **Robert Allen c/o Bruce Cramer 12212 N 156th St. Bennington, NE 68007** | - | | | | | | | |
| | | | | | | | | 95,000.00 |
| Account No. | | | | | | | | |
| **American Classified PO Box 6569 Omaha, NE 68106** | - | | | | X | X | X | |
| | | | | | | | | 1,748.50 |
| Account No. **xxxx-xxxxxx-x1005** | | | | Opened  8/01/05  Last Active  3/02/10 CreditCard | | | | |
| **American Express c/o Becket and Lee LLP PO Box 3001 Malvern, PA 19355** | - | | | | | | | |
| | | | | | | | | 10,889.00 |

Sheet no. __**1**__ of __**24**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

107,894.50

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re  **Robert Lee Pelshaw**                                    ,        Case No. _____**10-80982**_____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxxxx-x1009**  American Express c/o Becket and Lee LLP PO Box 3001 Malvern, PA 19355 | | - | Opened  5/17/05  Last Active 11/15/09 CreditCard | | | | 4,640.00 |
| Account No. **xxxx-xxxxxx-x2000**  American Express c/o Becket and Lee LLP PO Box 3001 Malvern, PA 19355 | | - | | | | | 10.00 |
| Account No.  Avant Garde Beauty Supply PO Box 45306 Omaha, NE 68145 | | - | | X | X | X | 165.13 |
| Account No.  Bank Iowa PO Box 308 Shenandoah, IA 51601 | | - | | | | | 84,852.00 |
| Account No. **xxxx-xxxx-xx8466**  Bank Of America PO Box 15137 Wilmington, DE 19850-5137 | X | - | Opened  7/01/08  Last Active  1/31/10 Deficiency balance on airplane | | | | Unknown |

Sheet no. __**2**___ of __**24**___ sheets attached to Schedule of        Subtotal
Creditors Holding Unsecured Nonpriority Claims        (Total of this page)        89,667.13

B6F (Official Form 6F) (12/07) - Cont.

In re __Robert Lee Pelshaw_____,    Case No. ___10-80982_____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxx-xxxx-xxxx-0108** | | | | | Opened 8/01/07 Last Active 10/29/09 CreditCard | | | | |
| **Bank of America** **PO Box 15026** **Wilmington, DE 19850-5026** | - | | | | | | | | |
| | | | | | | | | | 7,812.00 |
| Account No. **xxxx5395** | | | | | Checking LOC | | | | |
| **Bank of the West** **4724 S 24th St.** **Omaha, NE 68107** | - | | | | | | | | |
| | | | | | | | | | 5,100.00 |
| Account No. | | | | | LOC | | | | |
| **Banker's Trust** **10250 Regency Circle #115** **Omaha, NE 68114** | - | | | | | | | | |
| | | | | | | | | | 105,000.00 |
| Account No. | | | | | | | | | |
| **Bedrock Valuation and Consulting** **5002 Dodge St. #207** **Omaha, NE 68132** | - | | | | | | | | |
| | | | | | | | | | 2,462.00 |
| Account No. | | | | | | | | | |
| **Better Business Equipment** **7929 W Center Rd.** **Omaha, NE 68124** | - | | | | | X | X | X | |
| | | | | | | | | | 1,100.00 |

Sheet no. __3___ of __24__ sheets attached to Schedule of    Subtotal
Creditors Holding Unsecured Nonpriority Claims                (Total of this page)                       121,474.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                    ,        Case No.   **10-80982**

                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| **Blankman Service** **2501 S 32nd Ave.** **Omaha, NE 68105** | | - | | | X | X | X | 2,092.98 |
| Account No. | | | | | | | | |
| **Blankman Service** **2501 S 32nd Ave.** **Omaha, NE 68105** | | - | | | X | X | X | 1,371.11 |
| Account No. | | | | | | | | |
| **Broom Clarkson Ianphier & Yamamoto** **Attorneys at Law** **1722 St Mary's Ave.** **Omaha, NE 68102** | | - | | | X | X | X | 50,003.01 |
| Account No. | | | | | | | | |
| **Burmax Company** **28 Barretts Ave.** **Holtsville, NY 11742** | | - | | | X | X | X | 1,205.18 |
| Account No. | | | | | | | | |
| **C2C Resources, LLC** **3300 W Esplanade Ave. #104** **Metairie, LA 70002** | | - | | | X | X | X | 13,905.03 |

Sheet no. __4__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)         **68,577.31**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                                    ,      Case No.   **10-80982**
                                 Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxx-xxxx-xxxx-7632** | | | | | **Opened 10/01/01  Last Active  1/30/10 CreditCard** | | | | |
| **Capital One** **PO Box 85520** **Richmond, VA 23285** | - | | | | | | | | 6,118.00 |
| Account No. | | | | | | | | | |
| **Carlson West Povondra Architects** **5060 Dodge St.** **Omaha, NE 68132** | - | | | | | X | X | X | 3,384.76 |
| Account No. | | | | | | | | | |
| **Carmody Plumbing** **PO Box 12473** **Omaha, NE 68112** | - | | | | | X | X | X | 1,389.05 |
| Account No. | | | | | | | | | |
| **Carter Roofing and Insulation** **3012 Arbor St.** **Omaha, NE 68105** | - | | | | | X | X | X | 27,428.00 |
| Account No. | | | | | | | | | |
| **David Catalan** **900 Farnam St.** **Omaha, NE 68102** | - | | | | | X | X | X | 6,000.00 |

Sheet no. _**5**___ of _**24**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)         **44,319.81**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                         ,        Case No.   **10-80982**
                                         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | 100% interest in Washco LLC | | | | |
| Centennial Bank 9003 S 145th St. Omaha, NE 68138 | X | - | | | X | X | X | |
| | | | | | | | | 210,000.00 |
| Account No. | | | | 50% interest in Red Oak Properties LLC | | | | |
| Centennial Bank 9003 S 145th St. Omaha, NE 68138 | X | - | | | X | X | X | |
| | | | | | | | | 163,000.00 |
| Account No. | | | | | | | | |
| Charter West National Bank PO Box 288 West Point, NE 68788 | | - | | | X | X | X | |
| | | | | | | | | 35,000.00 |
| Account No. xxxx-xxxx-xxxx-4076 | | | | Opened  6/01/05  Last Active 12/27/09 CreditCard | | | | |
| Chase PO Box 15298 Wilmington, DE 19850-5298 | | - | | | | | | |
| | | | | | | | | 5,336.00 |
| Account No. | | | | | | | | |
| Craig Christensen 765 N Frontier Dr. Papillion, NE 68046 | | - | | | | | | |
| | | | | | | | | 1,250.00 |

Sheet no. __6__ of __24__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

414,586.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                    ,   Case No. _____**10-80982**_____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **City of La Vista** **8116 Park View Blvd.** **La Vista, NE 68128** | | - | | X | X | X | 72.50 |
| Account No. | | | | | | | |
| **City of Omaha** **PO Box 30159** **Omaha, NE 68103** | | - | | | | | 550.00 |
| Account No. | | | | | | | |
| **Communication Service Inc.** **14910 Grover #300** **Omaha, NE 68144** | | - | | X | X | X | 1,666.92 |
| Account No. | | | | | | | |
| **Communication Services** **c/o Transworld Systems** **PO Box 4903** **Trenton, NJ 08650-4903** | | - | | X | X | X | 2,116.99 |
| Account No. | | | 50% interest in Pelstar Gothenburg LLC | | | | |
| **Cornhusker Bank** **PO Box 80009** **Lincoln, NE 68501-0009** | X | - | | X | X | X | 1,215,424.00 |

Sheet no. __7__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| 1,219,830.41 |

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                          ,     Case No. _____**10-80982**_____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Cornhusker Bank <br> PO Box 80009 <br> Lincoln, NE 68501-0009 | X | - | 50% interest in Pelstar Custer LLC | X | X | X | 2,087,008.00 |
| Account No. <br><br> Cornhusker Bank <br> PO Box 80009 <br> Lincoln, NE 68501-0009 | X | - | 50% interest in Pelstar Kimball LLC | X | X | X | 1,781,125.00 |
| Account No. <br><br> Cornhusker Bank <br> PO Box 80009 <br> Lincoln, NE 68501-0009 | X | - | 50% interest in Pelstar Larned LLC | X | X | X | 1,854,979.00 |
| Account No. <br><br> Cornhusker Bank <br> PO Box 80009 <br> Lincoln, NE 68501-0009 | X | - | 85% interest in Roberts Academy of Hair Design | X | X | X | 135,000.00 |
| Account No. <br><br> Cornhusker Bank <br> PO Box 80009 <br> Lincoln, NE 68501-0009 | | - | | X | X | X | 565,000.00 |

Sheet no. __**8**__ of __**24**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

6,423,112.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                                ,          Case No.    **10-80982**
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | | | | | |
| Coventry Health of NE PO Box 3524 Carol Stream, IL 60197 | | - | | | | | | | 2,600.00 |
| Account No. | | | | | | | | | |
| Cox Communications 11505 W. Dodge Road Omaha, NE 68154-2536 | | - | | | | X | X | X | 1,142.66 |
| Account No. | | | | | 50% interest in Pelstar Custer LLC | | | | |
| Dacotah Bank 35 S 6th St. Custer, SD 57730 | X | - | | | | | | | 370,000.00 |
| Account No. | | | | | | | | | |
| Laura Dellutri 14216 Parkhill St. Overland Park, KS 66221 | | - | | | | | | | 16,000.00 |
| Account No. | | | | | | | | | |
| Douglas County Treasurer H03 Civic Center Omaha, NE 68183 | | - | | | | X | X | X | 196.90 |

Sheet no. __9___ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

389,939.56

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                    ,      Case No.   **10-80982**
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| Douglas County Treasurer H03 Civic Center Omaha, NE 68183 | - | | | | X | X | X | 5,059.96 |
| Account No. | | | | | | | | |
| Dyna-Tech Aviation Services 5935 S 132nd St. Omaha Millard Airport Omaha, NE 68137 | - | | | | X | X | X | 2,400.00 |
| Account No. | | | | | | | | |
| E & A Consulting Group 330 N 117th St. Omaha, NE 68154 | - | | | | X | X | X | 7,257.00 |
| Account No. | | | | | | | | |
| EPM Eberie 7713 Braun Ave. La Vista, NE 68128 | - | | | | X | X | X | 825.00 |
| Account No. | | | | | | | | |
| First Westroads Bank PO Box 241259 Omaha, NE 68124 | - | | | | | | | 100,000.00 |

Sheet no. __10__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            **115,541.96**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                          ,        Case No. ___**10-80982**___
                                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. |  |  |  |  |  |  |  |
| **First Westroads Bank** **PO Box 241259** **Omaha, NE 68124** |  | - |  | X | X | X | 735,000.00 |
| Account No. |  |  |  |  |  |  |  |
| **Fitzgerald Schorr Barmettier & Brennan** **Attorneys at Law** **10050 Regency Circle #200** **Omaha, NE 68114** |  | - |  | X | X | X | 11,177.28 |
| Account No. |  |  |  |  |  |  |  |
| **Fitzgerald Schorr Barmettier & Brennan** **Attorneys at Law** **10050 Regency Circle #200** **Omaha, NE 68114** |  | - |  | X | X | X | 593.00 |
| Account No. |  |  |  |  |  |  |  |
| **Fitzgerald Schorr Barmettier & Brennan** **Attorneys at Law** **10050 Regency Circle #200** **Omaha, NE 68114** |  | - |  | X | X | X | 554.00 |
| Account No. |  |  |  |  |  |  |  |
| **Fitzgerald Schorr Barmettier & Brennan** **Attorneys at Law** **10050 Regency Circle #200** **Omaha, NE 68114** |  | - |  | X | X | X | 789.07 |

Sheet no. __11__ of __24__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

748,113.35

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                                                ,     Case No. ___**10-80982**___
                                                      Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Fitzgerald Schorr Barmettier & Brennan Attorneys at Law 10050 Regency Circle #200 Omaha, NE 68114** | - | | | X | X | X | 6,832.21 |
| Account No. | | | | | | | |
| **Fitzgerald Schorr Barmettier & Brennan Attorneys at Law 10050 Regency Circle #200 Omaha, NE 68114** | - | | | X | X | X | 2,392.50 |
| Account No. | | | | | | | |
| **Fitzgerald Schorr Barmettier & Brennan Attorneys at Law 10050 Regency Circle #200 Omaha, NE 68114** | - | | | X | X | X | 39.00 |
| Account No. | | | | | | | |
| **Roy Holeyfield, Jr. 12717 S 28th Ave. Bellevue, NE 68123** | - | | | | | | 60,000.00 |
| Account No. xxxx-xxxx-xxxx-1822 | | | Opened 11/01/05  Last Active  3/19/10 ChargeAccount | | | | |
| **Home Depot / Citibank Attn.: Centralized  Bankruptcy PO Box 20363 Kansas City, MO 64195** | - | | | | | | 7,995.00 |

Sheet no. _**12**_ of _**24**_ sheets attached to Schedule of                          Subtotal                77,258.71
Creditors Holding Unsecured Nonpriority Claims                                  (Total of this page)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                          Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                            ,     Case No. _____**10-80982**_____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxx-xxxx-x01-00** | | | **Opened 1/01/09 Last Active 3/12/10 CreditCard** | | | | |
| **Kohl's**<br>**PO Box 3043**<br>**Milwaukee, WI 53201-3043** | - | | | | | | **395.00** |
| Account No. | | | | | | | |
| **Lutz & Co.**<br>**5620 Ames #2**<br>**Omaha, NE 68104** | - | | | X | X | X | **1,760.00** |
| Account No. | | | | | | | |
| **Lutz & Co.**<br>**5620 Ames #2**<br>**Omaha, NE 68104** | - | | | X | X | X | **545.00** |
| Account No. | | | | | | | |
| **Lutz & Company**<br>**11837 Miracle Hills Drive #100**<br>**Omaha, NE 68154** | - | | | X | X | X | **7,930.00** |
| Account No. | | | | | | | |
| **Lutz & Company**<br>**11837 Miracle Hills Drive #100**<br>**Omaha, NE 68154** | - | | | X | X | X | **430.58** |

Sheet no. __**13**__ of __**24**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| | **11,060.58** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Robert Lee Pelshaw** ,                    Case No. ___**10-80982**___
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Lutz & Company 11837 Miracle Hills Drive #100 Omaha, NE 68154 | | - | | X | X | X | 905.15 |
| Account No. | | | | | | | |
| Lutz & Company 11837 Miracle Hills Drive #100 Omaha, NE 68154 | | - | | X | X | X | 2,809.00 |
| Account No. | | | | | | | |
| Lutz & Company 11837 Miracle Hills Drive #100 Omaha, NE 68154 | X | - | | | | | 920.00 |
| Account No. | | | 50% interest in Pelstar Lyons LLC | | | | |
| Lyons State Bank 101 E Main St. Lyons, KS 67554-2002 | X | - | | X | X | X | 1,802,827.00 |
| Account No. | | | | | | | |
| David McLendon 701 Gentilly Rd. Statesboro, GA 30458 | | - | | | | | 25,000.00 |

Sheet no. __14__ of __24__ sheets attached to Schedule of          Subtotal          | 1,832,461.15 |
Creditors Holding Unsecured Nonpriority Claims                   (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw** _____,   Case No. ____**10-80982**____
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| **MidAmerican Energy c/o IC Systems PO Box 64437 Saint Paul, MN 55164** | | - | | | X | X | X | 231.00 |
| Account No. | | | | | | | | |
| **Sam Murante 2411 O St. #1 Omaha, NE 68107** | | - | | | X | X | X | 289,000.00 |
| Account No. xxxx4471 | | | | Opened  8/01/08  Last Active 12/31/09 Deficiency balance on 2008 Jeep SRT | | | | |
| **Mutual Of Omaha Bank 3333 Farnam St. Omaha, NE 68131** | | - | | | | | | Unknown |
| Account No. | | | | 50% interest in Nick & Bob LLC | | | | |
| **Mutual Of Omaha Bank 3333 Farnam St. Omaha, NE 68131** | X | - | | | | | | 67,000.00 |
| Account No. | | | | | | | | |
| **Mutual Of Omaha Bank 3333 Farnam St. Omaha, NE 68131** | | - | | | | | | 130,000.00 |

Sheet no. _**15**_ of _**24**_ sheets attached to Schedule of    Subtotal    486,231.00
Creditors Holding Unsecured Nonpriority Claims    (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw** ,                                    Case No.   **10-80982**
_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Mutual Of Omaha Bank** **3333 Farnam St.** **Omaha, NE 68131** | | - | | X | X | X | 590,000.00 |
| Account No. | | | | | | | |
| **Mutual Of Omaha Bank** **3333 Farnam St.** **Omaha, NE 68131** | | - | | X | X | X | 124,000.00 |
| Account No. | | | | | | | |
| **Mutual Of Omaha Bank** **3333 Farnam St.** **Omaha, NE 68131** | | - | | | | | 7,900.00 |
| Account No. | | | | | | | |
| **Mutual Of Omaha Bank** **3333 Farnam St.** **Omaha, NE 68131** | | - | | X | X | X | 2,350,000.00 |
| Account No. | | | | | | | |
| **Nebraska Medical Center** **PO Box 3839** **Omaha, NE 68103-0839** | | - | | | | | 277.37 |

Sheet no. __16__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,072,177.37

B6F (Official Form 6F) (12/07) - Cont.

In re  **Robert Lee Pelshaw** _____,  Case No. ___**10-80982**_____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Office Max** **PO Box 30031** **Tampa, FL 33630** | | - | | | | | 257.92 |
| Account No. | | | | | | | |
| **Omaha Neon Co.** **c/o C2C Systems** **56 perimeter Center East #100** **Atlanta, GA 30346** | | - | | X | X | X | 10,000.00 |
| Account No. | | | | | | | |
| **Papillion Glass** **217 E 1st St.** **Papillion, NE 68046-2456** | | - | | | | | 750.00 |
| Account No. | | | | | | | |
| **Paychex** **PO Box 4482** **Carol Stream, IL 60197** | | - | | | | | 657.09 |
| Account No. | | | | | | | |
| **Christopher Pelshaw** **11990 E South Boulder Rd. #166** **Lafayette, CO 80026** | | - | | | | | 32,000.00 |

Sheet no. __**17**__ of __**24**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                       43,665.01

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                          ,        Case No.    **10-80982**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Christopher Pelshaw** **11990 E South Boulder Rd. #166** **Lafayette, CO 80026** | | - | | | | | **1,350.00** |
| Account No. | | | | | | | |
| **Richard Pelshaw** **8707 S 137th Circle** **Omaha, NE 68138** | | - | | | | | **3,000.00** |
| Account No. | | | | | | | |
| **Pelstar Development LLC** **2105 W 114th St.** **Leawood, KS 66211** | | - | | X | X | X | **78,000.00** |
| Account No. | | | | | | | |
| **Prairie Life Fitness Center** **8525 Q St.** **Ralston, NE 68127** | | - | | | | | **383.82** |
| Account No. | | | | | | | |
| **Wesley E Hauptman** **Attorney at Law** **11605 Arbor St. #107** **Omaha, NE 68144** | | | Representing: **Prairie Life Fitness Center** | | | | **Notice Only** |

Sheet no. __18__ of __24__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**82,733.82**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw** _____,    Case No. ___**10-80982**_____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Premier Distribution of the Midwest** **8310 S 137th Circle** **Omaha, NE 68138** | - | | | | | | 768.65 |
| Account No. | | | | | | | |
| **Prochaska & Assoc.** **11317 Chicago Circle** **Omaha, NE 68154** | - | | | X | X | X | 9,760.91 |
| Account No. | | | | | | | |
| **Prochaska & Assoc.** **11317 Chicago Circle** **Omaha, NE 68154** | - | | | X | X | X | 4,156.26 |
| Account No. | | | Verizon Wireless | | | | |
| **RMS** **1000 Circle 75 Pkwy** **Atlanta, GA 30339** | - | | | | | | 227.67 |
| Account No. | | | | | | | |
| **Sam's Club** **3221 Manawa Center Dr.** **Council Bluffs, IA 51501** | - | | | | | | 2,400.00 |

Sheet no. __**19**__ of __**24**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

17,313.49

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Robert Lee Pelshaw**                                        ,    Case No.    **10-80982**
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-4550** | | | Opened 11/01/05  Last Active  3/02/07 ChargeAccount | | | | |
| **Sears** **PO Box 6189** **Sioux Falls, SD 57117** | | - | | | | | |
| | | | | | | | 676.00 |
| Account No. | | | | | | | |
| **Sherwin Williams** **945 N Adams St. #2** **Papillion, NE 68046** | | - | | X | X | X | |
| | | | | | | | 455.00 |
| Account No. | | | | | | | |
| **Ted N. Sleder** **2105 W 114th ST.** **Leawood, KS 66211** | | - | | | | | |
| | | | | | | | 17,000.00 |
| Account No. | | | | | | | |
| **Ted N. Sleder** **2105 W 114th ST.** **Leawood, KS 66211** | | - | | | | | |
| | | | | | | | 22,000.00 |
| Account No. | | | | | | | |
| **Fred Slegers** **PO Box 2453** **Kearney, NE 68848-2453** | | - | | | | | |
| | | | | | | | 2,025.17 |

Sheet no. __20__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| 42,156.17 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                                    ,        Case No.    **10-80982**
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | | | | | |
| Snappy Copy Center 5434 F St. Omaha, NE 68117 | | - | | | X | X | X | 243.42 |
| Account No. | | | | 50% interest in Pelstar Doniphan LLC | | | | |
| Southern Bank 302 Washington St. Doniphan, MO 63935 | X | - | | | X | X | X | 1,800,000.00 |
| Account No. | | | | | | | | |
| Stalnaker Becker & Buresh PC 1111 N 102nd Court #330 Omaha, NE 68124 | | - | | | X | X | X | 1,002.00 |
| Account No. | | | | | | | | |
| Telecheck 5251 Westheimer Houston, TX 77056 | | - | | | | | | 500.00 |
| Account No. | | | | | | | | |
| The Gutter Company 3520 I St. Omaha, NE 68107 | | - | | | X | X | X | 4,800.00 |

Sheet no. __21__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,806,545.42**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Robert Lee Pelshaw** ,                   Case No.  **10-80982**
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Jesus Toledo** **2715 Hickory St.** **Omaha, NE 68108** | | - | | X | X | X | 5,496.00 |
| Account No. | | | | | | | |
| **Jesus Toledo** **2715 Hickory St.** **Omaha, NE 68108** | | - | | X | X | X | 1,309.00 |
| Account No. | | | | | | | |
| **TyCon Electric Inc.** **18647 Holmes Circle** **Omaha, NE 68135** | | - | | X | X | X | 5,741.30 |
| Account No. | | | 50% interest in Pelstar Mountain View LLC | | | | |
| **Uintas County Bank** **695 Parkway Dr.** **Mountain View, WY 82939** | X | - | | X | X | X | 1,600,000.00 |
| Account No. | | | American Express | | | | |
| **United Recovery Systems** **5800 N Course Dr.** **Houston, TX 77072** | | - | | | | | 460.00 |

Sheet no. __22__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                1,613,006.30

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                                  ,        Case No.   **10-80982**
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **UNMC Physicians Business Service Center 988095 Nebraska Medical Center Omaha, NE 68198-8095** | | - | | | | | 540.00 |
| Account No. | | | | | | | |
| **US Bank 222 S 72nd St. Omaha, NE 68114** | | - | | X | X | X | 198,000.00 |
| Account No. | | | | | | | |
| **Walentine O'Toole McQuillan & Gordon Attorneys at Law PO Box 540125 Omaha, NE 68154** | | - | | | | | 11,528.00 |
| Account No. | | | | | | | |
| **West Gate Bank 6003 Old Cheney Rd. Lincoln, NE 68516** | | - | | | | | 14,500.00 |
| Account No. | | | 50% interest in Red Oak Properties LLC | | | | |
| **West Gate Bank 6003 Old Cheney Rd. Lincoln, NE 68516** | X | - | | X | X | X | 55,000.00 |

Sheet no. __23__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

279,568.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Robert Lee Pelshaw**                                          ,       Case No. ____**10-80982**____
                                      Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | 50% interest in Pelstar Gothenburg LLC | | | | |
| **West Gate Bank** **6003 Old Cheney Rd.** **Lincoln, NE 68516** | X | - | | | X | X | X | 240,000.00 |
| Account No. | | | | 50% interest in Pelstar Kimball LLC | | | | |
| **West Gate Bank** **6003 Old Cheney Rd.** **Lincoln, NE 68516** | X | - | | | X | X | X | 240,000.00 |
| Account No. | | | | 50% interest in Pelstar Ainsworth LLC | | | | |
| **West Gate Bank** **6003 Old Cheney Rd.** **Lincoln, NE 68516** | X | - | | | X | X | X | 193,000.00 |
| Account No. | | | | | | | | |
| **Steve Willey** **5935 S 132nd St.** **Omaha, NE 68137-3122** | | - | | | | | | 126,000.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __24__ of __24__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 799,000.00 |
| Total (Report on Summary of Schedules) | | 19,908,148.63 |

B6G (Official Form 6G) (12/07)

In re    **Robert Lee Pelshaw**                                          ,    Case No.    **10-80982**
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **BMW Financial Services**<br>**PO Box 78103**<br>**Phoenix, AZ 85062** | **Acct# 4000945460**<br>**Opened  1/01/08**<br>**Lease - SURRENDERED** |
| **Various** | **The debtor may be a party to various contracts and leases involving his business operations and ownership.  However, such executory contracts and unexpired leases are not listed herein because of the fact that the debtor has filed a personal case and such documents relate to the debtor's business operations and are not personal contracts per se.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re   **Robert Lee Pelshaw**                                                                    Case No.   __10-80982__
                                                                              ,
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Mero Mero Corp.**<br>**6064 Maple St.**<br>**Omaha, NE 68104** | |
| **Nick & Bob LLC**<br>**1236 Cork Dr.**<br>**Papillion, NE 68046** | **Mutual Of Omaha Bank**<br>**3333 Farnam St.**<br>**Omaha, NE 68131** |
| **Pelstar Airplane LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Bank Of America**<br>**PO Box 15137**<br>**Wilmington, DE 19850-5137** |
| **Pelstar Aninsworth LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **West Gate Bank**<br>**6003 Old Cheney Rd.**<br>**Lincoln, NE 68516** |
| **Pelstar Broken Bow LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | |
| **Pelstar Buffalo LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | |
| **Pelstar Custer LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** |
| **Pelstar Custer LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Dacotah Bank**<br>**35 S 6th St.**<br>**Custer, SD 57730** |
| **Pelstar Development LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | |
| **Pelstar Doniphan LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Southern Bank**<br>**302 Washington St.**<br>**Doniphan, MO 63935** |
| **Pelstar Gothenburg LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** |
| **Pelstar Gothenburg LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **West Gate Bank**<br>**6003 Old Cheney Rd.**<br>**Lincoln, NE 68516** |

1

_____ continuation sheets attached to Schedule of Codebtors

In re   **Robert Lee Pelshaw**                                                    ,   Case No.   **10-80982**

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Pelstar Kimball LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** |
| **Pelstar Kimball LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **West Gate Bank**<br>**6003 Old Cheney Rd.**<br>**Lincoln, NE 68516** |
| **Pelstar Larned LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** |
| **Pelstar Lyons LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Lyons State Bank**<br>**101 E Main St.**<br>**Lyons, KS 67554-2002** |
| **Pelstar Mountain View LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Uintas County Bank**<br>**695 Parkway Dr.**<br>**Mountain View, WY 82939** |
| **Pelstar Thermopolis LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | |
| **R.L. Pelshaw Co.**<br>**1236 Cork Dr.**<br>**Papillion, NE 68046** | |
| **Red Oak Properties LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Centennial Bank**<br>**9003 S 145th St.**<br>**Omaha, NE 68138** |
| **Red Oak Properties LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **West Gate Bank**<br>**6003 Old Cheney Rd.**<br>**Lincoln, NE 68516** |
| **Red Oak Properties LLC**<br>**2105 W 114th St.**<br>**Leawood, KS 66211** | **Lutz & Company**<br>**11837 Miracle Hills Drive #100**<br>**Omaha, NE 68154** |
| **Roberts Academy of Hair Design LLC**<br>**1236 Cork Dr.**<br>**Papillion, NE 68046** | **Cornhusker Bank**<br>**PO Box 80009**<br>**Lincoln, NE 68501-0009** |
| **Sutherlands Plaza LLC**<br>**1236 Cork Dr.**<br>**Papillion, NE 68046** | |
| **Washco LLC**<br>**1236 Cork Dr.**<br>**Papillion, NE 68046** | **Centennial Bank**<br>**9003 S 145th St.**<br>**Omaha, NE 68138** |

Sheet   **1**   of   **1**   continuation sheets attached to the Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   **Robert Lee Pelshaw**                                        Case No.   **10-80982**
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):  **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Owner-Commercial Real Estate** | |
| Name of Employer | **R.L. Pelshaw Co.** | |
| How long employed | **Since 94** | |
| Address of Employer | **Omaha, NE** | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | **7,000.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **7,000.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a.  Payroll taxes and social security | $ | **0.00** | $ | **N/A** |
| b.  Insurance | $ | **0.00** | $ | **N/A** |
| c.  Union dues | $ | **0.00** | $ | **N/A** |
| d.  Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **7,000.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **3,850.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **3,850.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **10,850.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | **10,850.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Robert Lee Pelshaw**                                      Case No.  **10-80982**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 2,050.00 |
| a. Are real estate taxes included? | Yes ___ | No **X** | |
| b. Is property insurance included? | Yes ___ | No **X** | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 350.00 |
| b. Water and sewer | | $ | 0.00 |
| c. Telephone | | $ | 0.00 |
| d. Other  **See Detailed Expense Attachment** | | $ | 350.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 200.00 |
| 4. Food | | $ | 600.00 |
| 5. Clothing | | $ | 200.00 |
| 6. Laundry and dry cleaning | | $ | 100.00 |
| 7. Medical and dental expenses | | $ | 350.00 |
| 8. Transportation (not including car payments) | | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 150.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 200.00 |
| d. Auto | | $ | 200.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify)  **Real Estate Taxes** | | $ | 400.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other  **2nd Mortgage** | | $ | 2,100.00 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |
| Other | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)            $    **7,650.00**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 10,850.00 |
| b. | Average monthly expenses from Line 18 above | $ | 7,650.00 |
| c. | Monthly net income (a. minus b.) | $ | 3,200.00 |

B6J (Official Form 6J) (12/07)

In re   **Robert Lee Pelshaw**                                            Case No.   **10-80982**
                                        Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cell Phone** | $ | **135.00** |
| **Telephone/Internet/Cable** | $ | **200.00** |
| **Garbage** | $ | **15.00** |
| **Total Other Utility Expenditures** | $ | **350.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Nebraska

In re   **Robert Lee Pelshaw**                                    Case No.    **10-80982**
                                    Debtor(s)              Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **44** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **May  3, 2010**                          Signature    **/s/ Robert Lee Pelshaw**
                                                              **Robert Lee Pelshaw**
                                                              Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of Nebraska

In re    **Robert Lee Pelshaw**                                                    Case No.    **10-80982**
                                        Debtor(s)                Chapter    **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$709,170.00** | **Operation of Business 2007** |
| **$-532,505.00** | **Operation of Business 2008** |
| **$0.00** | **The debtor has not taken a salary from the business, but has received funds out of the business ($48,185 from January 1, 2010 to date of filing).  Sutherlands Plaza has profit of about $6000.00 per month but pursuant to the Cash Management Agreement the secured creditor bank is retaining and receiving all income until there is a cash reserve of $100,000.** |
| **$0.00** | **The debtor's income for the past two years will show a loss on the returns and the 2009 taxes have not been filed.  The accountant has filed for an extension on that return.  Debtor did receive a truck as a part of his lease renewal negotiations with Fastenal (a tenant at Sutherlands Plaza) and this vehicle has since been traded in for a Jeep is listed in the Schedules filed in this proceeding.** |

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **American Express<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355** | | **$926.00** | **$10,889.00** |
| **Mutual Of Omaha Bank<br>3333 Farnam St.<br>Omaha, NE 68131** | | **$7,300.00** | **$236,767.00** |
| **OPPD<br>Box 3995<br>Omaha, NE 68103** | | **$3,917.00** | **$0.00** |
| **Cox Communications<br>11505 W. Dodge Road<br>Omaha, NE 68154-2536** | | **$1,076.00** | **$1,142.66** |

None
☐

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Ted N. Sleder**<br>**2105 W 114th ST.**<br>**Leawood, KS 66211** | **Ted Sleder has been taking $500.00 per month out of Red Oak Properties and booking it as a draw/equity account, and not taking an equal distribution - without the consent of the debtor for approximately 18 months.** | **$0.00** | **$17,000.00** |
| **Sam Murante**<br>**2411 O St. #1**<br>**Omaha, NE 68107** | | **$7,800.00** | **$289,000.00** |
| **Roy Holeyfield, Jr.**<br>**12717 S 28th Ave.**<br>**Bellevue, NE 68123** | | **$1,000.00** | **$60,000.00** |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Prairie Life Fitness LLC v Rovert Pelshaw  CI10-2218** | | **Douglas County Court** | **Pending** |
| **Nebraska Furniture Mart v Robert Pelshaw  CI10-3018** | | **Douglas County Court** | **Judgment Rendered** |

None ■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

4

None ☐    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| **Mutual Of Omaha Bank**<br>**3333 Farnam St.**<br>**Omaha, NE 68131** | **See Cash Management Agreement attached.** | | |

---

**7. Gifts**

None ☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Equip** | | | **$1,500.00** |
| **Freedom Assembly of God** | | | **$4,800.00** |
| **Big Brothers Big Sisters of the Midlands** | | | **$1,000.00** |
| **CBMC** | | | **$300.00** |

---

**8. Losses**

None ■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Duncan & Davis, P.C., L.L.O.**<br>**1910 S 72nd St. #304**<br>**Omaha, NE 68124-1734** | | **$1,039.00 Filing Fee**<br>**$10,000.00 Attorney's Fee** |
| **David Pavel**<br>**Attorney at Law**<br>**2120 S 72nd ST. #1190**<br>**Omaha, NE 68124** | | **$20,000** |

5

### 10. Other transfers

None
☐    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Various** | | **Transfers to Pelstar/other transfers, agreements, and transactions will be described in the adversary proceeding which will be filed and which relates to the debtor's interests in Pelstar, Mero Mero Corp, and Roberts Academy of Hair Design.** |

None
■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None
■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

6

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None
☐

   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

   *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

   *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **R.L. Pelshaw Co.** | 47-0778075 | **1236 Cork Dr. Papillion, NE 68046** | | |
| **Washco LLC** | 55-0804585 | **1236 Cork Dr. Papillion, NE 68046** | | |
| **Sutherlands Plaza LLC** | 20-3699256 | **1236 Cork Dr. Papillion, NE 68046** | | |
| **Mero Mero Corp.** | 26-4391171 | **6064 Maple St. Omaha, NE 68104** | | |
| **Roberts Academy of Hair Design LLC** | 26-3161450 | **1236 Cork Dr. Papillion, NE 68046** | | |
| **Property Energy Solutions** | | **PO Box 461059 Papillion, NE 68046** | | |
| **Property Ventures LLC** | 47-0844517 | **2411 O St. #2 Omaha, NE 68107** | | |
| **York Properties** | 20-2158972 | **2411 O St. #2 Omaha, NE 68107** | | |
| **Nick & Bob LLC** | 20-2025509 | **1236 Cork Dr. Papillion, NE 68046** | | |
| **Pelstar Development LLC** | 20-5513126 | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Aninsworth LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Airplane LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Broken Bow LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Buffalo LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Custer LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Doniphan LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Gothenburg LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |

8

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Pelstar Kimball LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Larned LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Lyons LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Mountain View LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Pelstar Thermopolis LLC** | | **2105 W 114th St. Leawood, KS 66211** | | |
| **Red Oak Properties LLC** | 72-1605130 | **2105 W 114th St. Leawood, KS 66211** | | |
| **CAP Properties** | | **16208 Douglas St. Omaha, NE 68118** | | |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                         ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                         DATES SERVICES RENDERED
**Bill Kenedy**
**Lutz & Assoc.**
**11837 Miracle Hills Drive**
**Omaha, NE 68154**

**Carlos Mendez**
**6035 N 167th Court**
**Omaha, NE 68116-3704**

**Carlos Millan**
**14044 Manderson Plaza #302**
**Omaha, NE 68164**

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                                ADDRESS                                DATES SERVICES RENDERED

None ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                      ADDRESS

None ☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                     DATE ISSUED

**Cornhusker Bank**
**PO Box 80009**
**Lincoln, NE 68501-0009**

**Mutual Of Omaha Bank**
**3333 Farnam St.**
**Omaha, NE 68131**

**Centennial Bank**
**9003 S 145th St.**
**Omaha, NE 68138**

**West Gate Bank**
**6003 Old Cheney Rd.**
**Lincoln, NE 68516**

**Bank of the West**
**PO Box 4002**
**Concord, CA 94524-4002**

**First Command Financial**
**1716 Charleston Dr.**
**Papillion, NE 68133-2907**

**Banker's Trust**
**10250 Regency Circle #115**
**Omaha, NE 68114**

**Nebraska State Bank**
**Broken Bow, NE**

**Southern Bank**
**302 Washington St.**
**Doniphan, MO 63935**

**Uintas County Bank**
**695 Parkway Dr.**
**Mountain View, WY 82939**

**Lyons State Bank**
**101 E Main St.**
**Lyons, KS 67554-2002**

**Gothenburg State Bank**
**Gothenburg, NE**

**Bank Of America**
**PO Box 15137**
**Wilmington, DE 19850-5137**

**David Lanphier**

---

      **20. Inventories**

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY           INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                (Specify cost, market or other basis)

None b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
■ controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

---

**22 . Former partners, officers, directors and shareholders**

None a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■ commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
■ immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
■ in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**24. Tax Consolidation Group.**

None If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
■ group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

---

**25. Pension Funds.**

None If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as
■ an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

11

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date __**May  3, 2010**_____          Signature    __**/s/ Robert Lee Pelshaw**_____

                                                                                    **Robert Lee Pelshaw**
                                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

CASH MANAGEMENT AGREEMENT

THIS AGREEMENT, made and entered into this **28** day of **October**, 2009, by and between **SUTHERLANDS PLAZA, L.L.C.**, a Nebraska limited liability company (the "Borrower"), and **MUTUAL OF OMAHA BANK**, a federally chartered savings bank, and its successors and/or assigns (the "Lender").

**Recitals:**

A.     Loans.

On or about January 4, 2008, the Lender extended credit in the principal amount of Two Million Three Hundred Thirty-Seven Thousand Seventy-Eight and No/100ths Dollars ($2,337,078.00), to evidence a Loan to the Borrower.  On or about September 28, 2009, the Lender extended credit in the principal amount of Seventy Five Thousand and No/100ths Dollars ($75,000.00), to evidence a Loan to the Borrower.  Together the Loans are referred to as the "Loans".

B.     Loan Documents.

To evidence and secure payment of the Loans, the Borrower has executed and delivered to the Lender the documents set forth on Exhibit A.

C.     Cash Management.

Borrower has agreed to enter into and abide by this Agreement whereby (i) revenue from the Property is initially to be deposited by Borrower or paid by Tenants directly into a designated operating account of Borrower held at Lender (the "Cash Management Account"), and (ii) the Property Account funds shall be swept periodically into the accounts described and established hereunder.

NOW THEREFORE, in consideration of the mutual premises contained herein and for other good and valuable consideration the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## DEFINITIONS

"Annual Budget" shall mean an annual budget submitted by Borrower to Lender in accordance with the terms of Section 6.1 hereof.

"Approved Annual Budget" shall mean each Annual Budget approved by Lender in accordance with the terms of Section 6.1 hereof.

"Borrower Remainder Account" shall mean the account of Borrower to which monies in the Borrower Remainder Sub-Account (as described in Section 3.1k) are allocated in accordance with the terms hereof.

"Business Day" shall mean any day other than a Saturday, Sunday or any day on which commercial banks in Omaha, Nebraska are required or permitted by law to be closed.

"Capital Expenditures" shall mean for any period, the amount expended for items capitalized under generally accepted accounting principles including expenditures for building improvements or major repairs, leasing commissions and Tenant improvements.

"Cash Expenses" shall mean for any period, the operating expenses for the Property as set forth in an Approved Annual Budget to the extent such expenses are actually incurred by Borrower minus payments into the Impound Account and payments into the TILC Reserve.

"Cash Management Account" shall have the meaning ascribed to such term in Section 1.1 hereof.

"Cash Management Sub-Accounts" shall have the meaning ascribed to such term in Section 1.2 hereof.

"Collateral" shall have the meaning given such term in Article IV. hereof

"Collection Period" with respect to any Payment Date, shall mean the period of days from the eleventh (11th) day of the month immediately preceding the month in which such Payment Date occurs to the tenth (10th) day of the month in which such Payment Date occurs.

"Debt" shall mean all obligations of Borrower to Lender under the Loan Documents and this Agreement.

"Event of Default" shall mean any default under this Agreement or any of the other Loan Documents and the expiration of any applicable grace or cure period expressly provided with respect to such default including, without limitation, any Event of Default described in the Loan Documents.

"Extraordinary Expenses" shall mean extraordinary operating expenses or capital

2

expenses not set forth in the Approved Annual Budget or allotted for in any Reserve established herein.

"Impound Account" shall have the meaning ascribed to such term in Section 2.1.

"Lessee Payment Direction Letter" shall have the meaning ascribed to such term in Section 7.1a hereof.

"Loan" or "Loans" shall have the meanings ascribed to such term in the Recitals.

"Loan Documents" shall have the meaning set forth for such term in the Recitals.

"Monthly Payment Amount" shall mean the monthly payment of interest and, to the extent required, principal pursuant to the Note.

"Mortgage" shall have the meaning given such term in the Exhibit A (two Mortgages).

"Mortgage Satisfaction Event" shall mean the satisfaction in full of the Obligations.

"Net Capital Expenditures" shall mean for any period the amount by which Capital Expenditures during such period exceeds reimbursements for such items during such period from any Reserve established herein.

"Notes" shall have the meaning ascribed in the Recitals, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time.

"Obligations" shall mean any and all debt, liabilities and obligations of the Borrower to the Lender pursuant to or in connection with the Loans, whether now or hereafter existing, including without limiting the generality of the foregoing, the indebtedness evidenced by the Notes, all interest accruing thereon, and any and all debt, liabilities and obligations of the Borrower under the Loan Documents.

"Operating Account" shall have the meaning ascribed to such term in Section 3.2e hereof.

"Operating Expenses" shall mean, collectively, Cash Expenses and Extraordinary Expenses.

"Payment Date" shall mean the date a payment is due under the respective Note.

"Person" shall mean any individual, sole proprietorship, partnership, limited liability partnership, joint venture, trust, unincorporated organization, association, corporation, limited liability company, institution, entity, party or government (whether territorial, national, federal, state, county, city, municipal or otherwise, including, without limitation, any instrumentality, division, agency, body or department thereof).

"Property" shall mean all the real property that is security for the Loans or either of them under the Loan Documents however termed or described.

"Rents" shall have the meaning ascribed to such term in the Mortgages.

"Reserves" shall mean any amounts held as a reserve under this Agreement in any accounts or sub-accounts created pursuant to this Agreement as further described in Article IV.

"Tenants" shall have the meaning ascribed to such term in Section 7.1a hereof.

## I.  Creation of the Cash Management Account

Section 1.1 -  Establishment of Account.

Borrower shall cause all income from the Project to be deposited directly into a cash collateral account entitled the "Mutual of Omaha Bank as Mortgagee of Sutherlands Plaza, L.L.C. Cash Management Account" (the "Cash Management Account").  Borrower shall not change the Cash Management Account or move it from the Lender.   All payments of principal and interest and Loan and Carrying Charges shall be paid directly and automatically from the Cash Management Account.

Section 1.2  - Cash Management Sub-Accounts.

The following sub-accounts (collectively, the "Cash Management Sub-Accounts") of the Cash Management Account shall be maintained, either as separate accounts or on a ledger-entry basis:

a.      "Impound Account";

b.      "Monthly Debt Service Sub-Account";

c.      "TILC" Reserve Sub-Account";

d.      "Maintenance and Repair Reserve Sub-Account";

e.      "Operating Expense Sub-Account";

f.      "Borrower Remainder Sub-Account".

Amounts allocated to the Mortgage Sub-Accounts shall be disbursed in accordance with the terms of this Agreement and the Mortgage.

Section 1.3 - Borrower's Acknowledgment.

The Borrower hereby (a) requests that the Cash Management Account, the Impound Account, the Monthly Debt Service Sub-Account, the TILC Reserve Sub-Account, the Repair Reserve Sub-Account, the Operating Expense Sub-Account, and the Borrower Remainder Sub-Account be established on its behalf at the Lender in the names set forth above and (b) acknowledges that (i) the Cash Management Account, the Impound Account, and all Reserves will be subject to the sole dominion, control and discretion of the Lender, subject to the terms, covenants and conditions of this Agreement and the Mortgage, (ii) the Lender shall have the sole right to make withdrawals or transfers of funds from the Cash Management Account, the Impound Account or Reserves, and (iii) neither the Borrower nor any other Person claiming on behalf of or through the Borrower shall have any right or authority, whether express or implied, to make use of, or withdraw any funds, investments or other properties from, the Cash Management Account. the Impound Account or the Reserves, or to give any instructions with respect to the Cash Management Account or the Impound Account.

Section 1.4 - Fees.

Borrower agrees to pay the fees for the services described herein, as such fees are established from time to time by the Lender in line with its customary fees for such services.

**II.  Specific Agreements with Respect to the Sub-Accounts**

Section 2.1 - Impound Account

The Lender may establish and maintain while the Loans are outstanding one or more accounts for the payment of real estate taxes and assessments and insurance on the Property and as additional security for the Debt (the "Impound Account") which shall be entitled "Mutual of Omaha Bank as Mortgagee of Sutherlands Plaza, L.L.C. Impound Account".  The Impound Account may be a sub-account of the Cash Management Account. Amounts on deposit in the Impound Account shall be disbursed at the direction of the Lender in accordance with this Agreement.  The Impound Account shall be assigned the federal tax identification number as

Lender may designate. On each monthly payment date under the Notes, Borrower shall pay to Lender, concurrently with and in addition to the monthly payment due under the Notes and until the Notes and all other Debt is fully paid and performed, deposits in an amount equal to one-twelfth (1/12) of the amount of the annual real estate taxes and assessments that will next become due and payable on the Property, plus one-twelfth (1/12) of the amount of the annual premiums that will next become due and payable on insurance policies which Borrower is required to maintain pursuant to the Loan Documents, each as estimated and determined by Lender, or such greater amount, as determined by Lender, as may be necessary to make the tax and insurance premium payments in a timely manner. All sums in the Impound Account shall be held by Lender in the Impound Account to pay said taxes, assessments and insurance premiums in one installment before the same become delinquent. Borrower shall be responsible for ensuring the receipt by Lender, at least thirty (30) days prior to the respective due date for payment thereof, of all bills, invoices and statements for all taxes, assessments and insurance premiums to be paid from the Impound Account, and so long as no Event of Default hereunder or under the other Loan Documents has occurred and is continuing, Lender shall pay the governmental authority or other party entitled thereto directly to the extent funds are available for such purpose in the Impound Account. The Impound Account shall not, unless otherwise explicitly required by applicable law, be or be deemed to be escrow or trust funds, but, at Lender's option and in Lender's discretion, may either be held in a separate account or be commingled by Lender with the general funds of Lender. No interest on funds contained in the Impound Account shall be paid by Lender to Borrower.  If the total funds in the Impound Account shall exceed the amount of payments actually applied by Lender for the purposes of the Impound Account, such excess may be credited by Lender on subsequent payments to be made hereunder or pursuant to the Loan Documents, at the option of Lender, refunded to Borrower. If, however, the Impound Account shall not contain sufficient funds to pay the sums required when the same shall become due and payable, Borrower shall, within ten (10) days after receipt of written notice thereof, deposit with Lender the full amount of any such deficiency. If there is an Event of Default under this Agreement which is not cured within any applicable grace period, Lender may, but shall not be obligated to, apply at any time the balance then remaining in the Impound Account against the Debt in whatever order Lender shall subjectively determine. No such application of the Impound Account shall be deemed to cure any default hereunder or the

Loan Documents.

Section 2.2  - <u>Tenant Improvements and Leasing Commissions Reserve</u>

As additional security for the Obligations, Borrower shall establish and maintain at all times until the Notes and all Obligations are fully paid and performed a separate reserve account (the "TILC Reserve") with Lender for the payment of costs and expenses incurred by Borrower for Tenant Improvements and Leasing Commissions. All such sums, together with any interest thereon, are hereinafter collectively referred to as the "TILC Funds". As used herein, the term "Tenant Improvements" shall mean construction or modification of improvements on or installation of fixtures or equipment in the Property as required to be performed by Borrower pursuant to the terms of any lease which is hereafter approved or, if such lease does not require approval by Lender, is hereafter entered into by Borrower and a Tenant ("Approved Lease"). As used herein, the term "Leasing Commissions" shall mean reasonable and customary commissions paid to a real estate broker licensed in Nebraska in connection with an Approved Lease, pursuant to commission agreements containing such terms and provisions including, without limitation, as to the timing of the payment of the commission, as are then prevailing between third party, unaffiliated owners and brokers for comparable leases of space at properties similar to the Property in the market area in which the Property is located.

a. <u>Deposits Into the TILC Reserve/Interest on TILC Funds</u>. Commencing when Lender shall so direct, and continuing thereafter in Lender's discretion on each succeeding monthly payment date under the Notes, Borrower shall pay to Lender, concurrently with and in addition to the monthly payment due under the Notes and until the Notes and all Obligations are fully paid and performed, a deposit to the TILC Reserve in a monthly amount equal to $2,000.00. This amount shall at Lender's direction automatically be transferred into TILC Reserve from the Cash Management Account or as a sub-account. To the extent the balance of the TILC Reserve should equal $50,000.00, then Borrower's obligation for monthly deposits under this Section shall thereafter be suspended; provided, however, such obligation for monthly deposits shall be reinstated to the extent the balance of the TILC Reserve should ever thereafter be less than $50,000.00. So long as there is no Event of Default hereunder or under the other

Loan Documents has occurred and is continuing, all sums in the TILC Reserve shall be held by Lender in the TILC Reserve to pay and/or reimburse Borrower for the costs and expenses of Tenant Improvements and for paying Leasing Commissions as herein set forth. Interest on the funds contained in the TILC Reserve shall be credited to Borrower.

b.    <u>Disbursements from the TILC Reserve</u>.  So long as there is no Event of Default hereunder or under the other Loan Documents has occurred and is continuing, and to the extent TILC Funds are available for such purpose, Lender shall, within ten (10) days after receipt of a written request from Borrower specifying the amount requested and the applicable Tenant Improvements or Leasing Commissions to be paid for with the requested TILC Funds ("Disbursement Request"), release to Borrower TILC Funds in the amount of the Disbursement Request; subject, however, to the following conditions precedent.

(i)    Lender shall not be required to make advances from the TILC Reserve more frequently than twice in any thirty (30) day period. In making any payment from the TILC Reserve, Lender shall be entitled to rely on such request from Borrower, and on any bill, statement, or estimate from any third party, without any inquiry into the accuracy, validity or contestability of any such amount.

(ii)    With respect to a Disbursement Request to pay for Tenant Improvements, Borrower, shall provide evidence reasonably satisfactory to Lender (including, if requested by Lender, access to the Property by Lender and/or an architect and/or an engineer specified by Lender for the purpose of inspecting the work done, at Borrower's expense) that the Tenant Improvements, or such portion thereof, for which the TILC Funds are being requested have been completed in accordance with Section 2.2b(iv) below. Borrower shall submit to Lender copies of invoices for which TILC Funds are being requested, and if required by Lender, shall

also submit waivers of lien. Borrower shall execute and deliver to Lender a certificate (in form and substance reasonably satisfactory to Lender) that the Tenant Improvements covered by the applicable Disbursement Request comply with, and have fully satisfied, the terms and provisions of Section 2.2b(iv) below. Borrower shall provide Lender with a copy of any and all applicable permanent certificates of occupancy and other governmental permits, if any be required, issued by applicable governmental authorities with respect to the Tenant Improvements, which certificates and permits allow the Tenant to open for business as contemplated under such lease. Borrower shall provide such additional documents, certificates and affidavits as Lender may reasonably request.

(iii)   With respect to the final Disbursement Request relative to any Approved Lease, Borrower shall provide Lender with (a) an original estoppel certificate, in form and substance satisfactory to Lender executed by the Tenant under the Approved Lease for which such request relates, stating that such Tenant has accepted the Tenant Improvements, and has occupied the space covered by the Tenant Improvements and that there are no defaults under such lease (nor does there exist any event or conditions, which with the passage of time or the giving of notice, or both, could result in such a default) and addressing such other issues as Lender may reasonably request, (b) if required by Lender, an original subordination, non-disturbance and attornment agreement in form acceptable to Lender executed by the Tenant under the Approved Lease in favor of Lender, (c) evidence of payment of regular monthly rent by the Tenant under the Approved Lease, and (d) if required by the local governmental jurisdiction, certificates of occupancy or comparable local certificates or permits with respect to any Tenant Improvements.

(iv)   With respect to a Disbursement Request to pay any portion of the Leasing Commissions, Borrower shall provide evidence as reasonably requested by Lender that such Leasing Commissions are then due and payable or have been properly paid, and such additional documents, certificates and affidavits as Lender may reasonably request.

(v)   Notwithstanding any provision of this Section to the contrary, TILC Funds disbursed with respect to any Approved Lease (i) for Tenant Improvements shall be an amount not to exceed, under any circumstances, the reasonable costs and expenses actually incurred by Borrower therefor; and (ii) for Leasing Commissions shall be an amount not to exceed, under any circumstances, the commission actually incurred by Borrower therefor which is reasonable and customary for a licensed real estate broker in the market area in which the Property is located.

During the continuation of an Event of Default, the Lender may apply the TILC account funds to any other sub-account as it may deem necessary to service the Obligations or meet other requirements with respect to the Property.

c.   General Requirements. Borrower shall construct and complete all Tenant Improvements within the time periods and as required by, and in accordance with, the Approved Leases. Borrower or Tenant shall pay for and obtain or cause to be paid for and obtained all permits, licenses and approvals required by all applicable laws with regard to the Tenant Improvements, whether necessary for commencement, completion, use or otherwise. Borrower shall perform or cause to be performed all work in connection with the Tenant Improvements in a good and workmanlike manner, in compliance with all applicable laws (including, without limitation, any and all applicable life safety laws, Environmental Laws, as hereinafter defined, and laws for the handicapped and/or disabled) and, with respect only to those leases requiring Lender approval, with the plans and specifications approved (in writing) by Lender covering the same,

10

which performance by Borrower shall be without regard to the sufficiency of the TILC Funds. Borrower covenants and agrees that Tenant Improvements shall be constructed, installed or completed, as applicable, free and clear of any and all liens (including mechanic's, materialman's or other liens), claims and encumbrances whatsoever.

**Section 2.3 - Maintenance and Repair Reserve.**

The Project is or may in the future be in need of certain maintenance, repairs and/or remedial or corrective work. Lender may require at its discretion a reserve account (or a Sub-account) that shall be funded at the rate of $2000.00 per month throughout the life of the Loans (the "Repair Reserve").

So long as no Event of Default hereunder or under the other Loan Documents has occurred and is continuing, Borrower shall use the Repair Reserve solely for the purpose of paying for deferred maintenance and repairs (the "Deferred Maintenance") to be completed, performed and corrected to the satisfaction of Lender and as necessary to bring the Property into compliance with all applicable laws, ordinances, rules and regulations on or before one year from the effective date hereof, as such time period may be extended by Lender in its sole discretion. So long as no Event of Default hereunder or under the other Loan Documents has occurred and is continuing, Lender shall act as follows: (i) all sums in the Repair Reserve shall be held by Lender in the Repair Reserve to pay the costs and expenses of completing the Deferred Maintenance, and (ii) Lender shall, to the extent funds are available for such purpose in the Repair Reserve, disburse to Borrower, the amount paid or incurred by Borrower, in completing, performing or correcting the Deferred Maintenance upon (a) the receipt by Lender of a written request from Borrower, for disbursement from the Repair Reserve which shall include a certification by Borrower, that the applicable item of Deferred Maintenance has been completed in accordance with the terms of this Agreement, (b) delivery to Lender of invoices, receipts or other evidence satisfactory to Lender verifying the costs of the Deferred Maintenance to be reimbursed, and (c) for disbursement requests (i) in excess of $20,000.00 with respect to any single item of Deferred Maintenance or (ii) for any single item of Deferred Maintenance that is structural in nature, delivery to Lender of (1) affidavits, lien waivers or other evidence reasonably satisfactory to Lender showing that all materialmen, laborers, subcontractors and any

other parties who might or could claim statutory or common law liens and are furnishing or have furnished materials or labor to the Property have been paid all amounts due for labor and materials furnished to the Property; (2) a certification from an inspecting architect or other third party consultant reasonably acceptable to Lender describing the completed Deferred Maintenance and verifying the completion of such Deferred Maintenance and the value of the completed Deferred Maintenance so performed, and, if applicable, certifying that the Property is, as a result of such Deferred Maintenance, in compliance with all applicable laws, ordinances, rules and regulations relating to the Deferred Maintenance so performed; and (3) a new (or amended) certificate of occupancy for the portion of the Improvements covered by such Deferred Maintenance, if said new certificate of occupancy is required by law, or a certification by Borrower, that no new certificate of occupancy is required by law. Lender shall not be required to make advances from the Repair Reserve more frequently than one time in any calendar month. In making any payment from the Repair Reserve, Lender shall be entitled to rely on such request from Borrower, without any inquiry into the accuracy, validity or contestability of any such amount.   No interest or other earnings on the funds contained in the Repair Reserve shall be paid to Borrower and any interest or other earnings on funds deposited into the Repair Reserve shall be solely for the account of Lender. In the event that the amounts on deposit or available in the Repair Reserve are inadequate to pay the costs of the Deferred Maintenance, Borrower shall pay the amount of such deficiency.

### III.  Allocation and Disbursement of Funds in the Cash Management Account.

Section 3.1 - Allocation of Cash Management Account.

Commencing on the first Business Day of each Collection Period the Lender shall allocate amounts deposited in the Cash Management Account from time to time during such Collection Period in the following order and priority, in each case to the extent sufficient funds remain therefor:

a.      to fund the Impound Account until the amount on deposit therein is equal to the amount required to be deposited in the Impound Account on the related Payment Date in accordance with the requirements of this Agreement;

b.      to fund the Monthly Debt Service Sub-Account until the amount on deposit

therein is equal to the Monthly Payment Amount due on both Notes (without taking into account any Accrued Interest or additional principal payment due pursuant to the Notes);

c.      to fund the Operating Expense Sub-Account until the amount on deposit therein is equal to the scheduled Cash Expenses for the month in which such Collection Period ends pursuant to the terms and conditions of the related Approved Annual Budget;

d.      to fund the TILC Reserve Sub-Account until the amount on deposit therein is equal to the amount required to be deposited in the TILC Reserve on the related Payment Date in accordance with the terms and conditions of this Agreement;

e.      to fund the Operating Expense Sub-Account with any scheduled Net Capital Expenditures for the month in which such Collection Period ends pursuant to the terms and conditions of the related Approved Annual Budget;

f.      to fund the Operating Expense Sub-Account with any Extraordinary Expenses approved by Lender for the month in which such Collection Period ends, if any;

g.      to fund the Maintenance and Repair Reserve Sub-Account; and

h.      to fund the Monthly Debt Service Sub-Account with any remaining funds up to the remaining principal balance of the Notes, to be applied against the outstanding principal due under the Notes until such principal amount is paid in full;

i.      to fund the Monthly Debt Service Sub-Account with any amount equal to any Accrued Interest due under the Notes, to be applied against the outstanding amount thereof until all such Accrued Interest has been repaid;

j.      to fund the Monthly Debt Service Sub-Account with any other amounts due to the Lender under the Loan Documents not otherwise addressed by this paragraph;

k.      lastly, to pay to the Borrower Remainder Sub-Account.

Section 3.2 - Disbursements from Cash Management Sub-Accounts.

The Lender shall disburse:

a.      Amounts allocated to the Impound Account as set forth herein;

b.      Amounts allocated to the Monthly Debt Service Sub-Account to the Lender on the related Payment Dates;

c.      Amounts allocated to the TILC Reserve Sub-Account as set forth herein;

d.      Amounts allocated to the Maintenance and Repair Reserve Sub-Account as set forth herein;

e.      Amounts allocated to the Operating Expense Sub-Account on the last Business Day of each week to a bank account of Borrower to be used solely to pay scheduled operating expenses substantially in conformance to the Approved Annual Budget;

f.      Amounts allocated to the Borrower Remainder Sub-Account shall be retained by Lender subject to any available remedies Lender may possess pursuant to the Loan Documents and this Agreement or otherwise, until further agreement in writing between the parties.

Section 3.3 - Borrower's Obligation Absolute.

Nothing in this Article III. or otherwise in this Cash Management Agreement shall limit, reduce or diminish in any respect Borrower's obligation to pay the Monthly Payment Amount and to further make timely deposits into the Impound Account and all other Reserves at the time and in the amounts due under the Loan Documents, whether or not Rents are then available to make such payments.

## IV.  Security Interest in Reserves.

As additional security for the payment and performance by Borrower of all duties,

responsibilities and the Obligations, Borrower hereby unconditionally and irrevocably assigns, conveys, pledges, mortgages, transfers, delivers, deposits, sets over and confirms unto Lender, and hereby grants to Lender a security interest in all sums on deposit or due under this Agreement and the other Loan Documents including, without limitation, (a) the Cash Management Account, the Insurance and Tax Impound Account, the Debt Service Reserve, the TILC Reserve, the Maintenance and Repair Reserve, the Operating Expense Sub Account and the Borrower Remainder Sub-Account and any other reserve or Sub-Account hereafter established, (collectively, the "Reserves"), (b) the accounts into which the Reserves have been deposited, (c) all insurance on said accounts, (d) all accounts, contract rights and general intangibles or other rights and interests pertaining thereto, (e) all sums now or hereafter therein or represented thereby, (f) all replacements, substitutions or proceeds thereof, (g) all instruments and documents now or hereafter evidencing the Reserves or such accounts, (h) all powers, options, rights, privileges and immunities pertaining to the Reserves (including the right to make withdrawals therefrom), and (i) all proceeds of the foregoing (collectively, the "Collateral"). Borrower hereby authorizes and consents to the account into which the Reserves have been deposited being held in Lender's name and hereby Borrower acknowledges and agrees that Lender shall have exclusive control over said account.  Notice of the assignment and security interest granted to Lender herein may be delivered by Lender at any time to the financial institution wherein the Reserves have been established, and Lender, or such servicing entity, shall have possession of all passbooks or other evidences of such accounts.  Borrower hereby holds Lender harmless with respect to all risk of loss regarding amounts on deposit in the Reserves, except to the extent that any such loss is caused by the gross negligence or intentional misconduct of Lender.  Borrower hereby knowingly, voluntarily and intentionally stipulates, acknowledges and agrees that the advancement of the funds from the Reserves as set forth herein is at Borrower's direction and is not the exercise by Lender of any right of set-off or other remedy upon a default.  If an Event of Default shall occur hereunder or under any other of the Loan Documents which is not cured within any applicable grace or cure period, the Lender may, without notice or demand on Borrower, at its option: (i) withdraw any or all of the funds (including, without limitation, interest) then remaining in the Reserves and apply the same, after deducting all costs and expenses of safekeeping, collection and delivery (including, but not limited to, attorneys' fees, costs and expenses) to the indebtedness evidenced by the Notes and all

Obligations of Borrower in such manner as Lender shall deem appropriate in its sole discretion, and the excess, if any, shall be paid to Borrower, (ii) exercise any and all rights and remedies of a secured party under any applicable Uniform Commercial Code, or (iii) exercise any other remedies available at law or in equity. No such use or application of the funds contained in the Reserves shall be deemed to cure any default hereunder or under the other Loan Documents.

## V.   Interest Payable by Lender on the Reserve Accounts.

Except where otherwise provided, Lender shall cause funds in any Reserve accounts (the "Funds") to be deposited into interest bearing accounts of the type customarily maintained by Lender for the investment of similar reserves, which accounts may not yield the highest interest rate then available. The Funds shall be held in an account in Lender's name (or such other account name as Lender may elect). Borrower shall earn no more than an amount of interest on the Funds equal to an amount determined by applying to the average monthly balance of such Funds the quoted interest rate for the Lender's money market savings account, as such rate is determined from time to time (such allocated amount being referred to as "Borrower's Interest"). Lender shall be entitled to report under Borrower's Federal tax identification numbers, the Borrower's Interest on the Funds. If the Lender does not have an established money market savings account (or if an interest rate for such account cannot otherwise be determined in connection with the deposit of such Funds), a comparable interest rate quoted by the Lender in its reasonable discretion shall be used. The amount of Borrower's Interest allocated to Funds shall be added to the balance in the Cash Management Account and shall be disbursed in accordance with this Agreement.

## VI.  Budgets And Expense Payments.

Section 6.1 - Budgets.

For each fiscal year Borrower shall submit to Lender for Lender's written approval an Annual Budget not later than sixty (60) days prior to the commencement of such fiscal year, in form satisfactory to Lender setting forth in reasonable detail budgeted monthly operating income and monthly operating capital and other expenses for the Property ("Annual Budget"). Each Annual Budget shall contain, among other things, limitations on management fees, third party service fees, and other expenses as the Borrower may reasonably determine. Lender shall have

the right to approve such Annual Budget which approval shall not he unreasonably withheld, and in the event that Lender objects to the proposed Annual Budget submitted by Borrower, Lender shall advise Borrower of such objections within fifteen (15) days after receipt thereof (and deliver to Borrower a reasonably detailed description of such objections) and Borrower shall within ten (10) days after receipt of notice of any such objections revise such Annual Budget and resubmit the same to Lender. Lender shall advise Borrower of any objections to such revised Annual Budget within ten (10) days after receipt thereof (and deliver to Borrower a reasonably detailed description of such objections) and Borrower shall revise the same in accordance with the process described in this subparagraph until the Lender approves an Annual Budget, provided, however, that if Lender shall not advise Borrower of its objections to any proposed Annual Budget within the applicable time period set forth in this paragraph, then such proposed Annual Budget shall be deemed approved by Lender ("Approved Annual Budget"). Until such time that Lender approves a proposed Annual Budget, the most recently Approved Annual Budget shall apply; provided that such Approved Annual Budget shall be adjusted to reflect actual increases in real estate taxes, insurance premiums and utilities expenses.

Section 6.2 - Operating Expense Sub-Account.

The Borrower hereby covenants and agrees that amounts allocated to the Operating Expense Sub-Account with respect to the payment of Operating Expenses or Capital Expenditures shall be used only for payment of checks made by the Borrower, for the payment of expenses incurred in the ordinary course of business of the ownership and operation of the Property or for the payment of expenditures pursuant to the Approved Annual Budget or as otherwise approved by the Lender in writing.

Section 6.3 - Obligations to Reimburse Excess.

If the actual Operating Expenses paid during any Collection Period are less than the amount transferred to the Operating Expense Sub-Account during such Collection Period, the amount of such difference shall promptly be deposited by Borrower back into the Cash Management Account, in any event no later than twenty (20) days after the end of the applicable Collection Period. Within twenty (20) days after the end of each Collection Period, Borrower shall prepare and deliver to Lender a financial statement in form and substance satisfactory to

Lender in all material respects setting forth all amounts expended for Operating Expenses during such Collection Period, including showing variances from budget and setting forth a short explanation of any variance in excess of ten percent (10%) of the budget line item in question and identifying any payment made to an affiliate and the reasons therefor. Each such financial statement shall be certified by an officer of Borrower as being true, correct and complete in all material respects and include a certification that all amounts transferred to the Operating Account pursuant to this Agreement were expended for Operating Expenses in accordance with this Agreement or have been or are being returned to the Cash Management Account as provided above. Borrower shall promptly deliver to Lender such further documentation (including, without limitation, invoices, canceled checks or copies of contracts) and information as Lender may reasonably request regarding any payments described in Borrower's financial statements. If Borrower shall fail to deposit any excess funds in the Cash Management Account or provide its required financial statements or, after written request of Lender, evidence of expenditures, in each case, within the time periods provided in the preceding sentences and such failure continues for ten (10) or more days after notice of such failure, then in addition to any other remedies which Lender may have with respect thereto, Lender may elect not to fund the Operating Expense Sub-Account from monies in the Cash Management Account or Lender may continue to hold the funds in the Operating Expense Sub-Account until such failure is cured.

Section 6.4 - Extraordinary Expenses.

In the event that Borrower must incur an Extraordinary Expense, then the Borrower shall promptly deliver to Lender a reasonably detailed explanation of such proposed Extraordinary Expense for the Lender's approval, which approval may be granted or denied in Lender's sole discretion.

## VII. Certain Matters Concerning the Borrower.

Section 7.1 - Alternative Deposit Procedures.

Borrower, shall cause all Rents and Property revenues to be handled in the following manner:

a.      Pursuant to a direction letter in form and substance acceptable to Lender (a "Lessee Payment Direction Letter"), the Borrower shall immediately notify and

advise each Tenant of the Property (collectively, the "Tenants") under each lease with respect to all or any portion of the Property (whether such lease is presently effective or executed after the date hereof), to send directly to the Lender promptly when due all payments, whether in the form of checks, cash, drafts, money orders or any other type of payment whatsoever of rent or any other item payable to the Borrower as landlord under such leases.   The foregoing requirements need not be satisfied with respect to any lease executed after the date hereof to the extent the terms and conditions of the Lessee Payment Direction Letter are incorporated directly in the applicable lease.   Without the prior written consent of Lender, neither the Borrower shall terminate, amend, revoke or modify any Lessee Payment Direction Letter in any manner.

b.      The Borrower, shall immediately instruct all Persons that presently or hereafter maintain open accounts with Borrower presently or hereafter does presently or hereafter does business on an "accounts receivable" basis with respect to the Property to deliver all payments due under such accounts to the Lender in the form of cashier's checks or equivalent instruments for the payment of money. Neither the Borrower, shall direct any such Person to make payments due under such accounts in any other manner.

c.      If  notwithstanding the provisions of this Section 7.1, Borrower, receives any Rents then (i) Borrower , shall be deemed to hold such Rents in trust for Lender and (ii) the Borrower, shall deposit in the Cash Management Account within one Business Day of receipt all such Rents received by the Borrower. In the event Borrower fails to timely provide any Lessee Payment Direction Letter or other direction letter required pursuant to this Section 7.1, Borrower hereby appoints Lender as its attorney-in-fact with full authority to enter into any such direction letter(s) and to execute such instruction letter(s) on behalf of the Borrower. The foregoing appointment shall be deemed coupled with an interest and irrevocable. Upon request of Lender, Borrower shall deliver to Lender such evidence as Lender may reasonably request to evidence that Borrower is complying with the provisions of this Section 7.1.

Section 7.2 - <u>Additional Deposits by Borrower</u>.

In its sole discretion, the Borrower may, from time to time deposit amounts into the Cash Management Account in respect of any Mortgage Sub-Account from sources of the Borrower other than those received in the Cash Management Account with respect to the then-current Collection Period; provided, that if the Borrower deposits such amounts, the amounts deposited shall be subject to all of the terms hereof as if not separately deposited by the Borrower, and may not be withdrawn except as otherwise provided for in this Agreement. Nothing contained herein shall impair or otherwise limit Borrower's obligations to timely make the payments (including, without limitation, interest and principal) required by the Notes, the Mortgage and the other Loan Documents, it being understood that such payments shall be so timely made in accordance with the Loan Documents regardless of the amounts on deposit in the Cash Management Account and/or Impound Account.

## **VIII.  Certain Matters Regarding the Lender.**

Section 8.1 - <u>Rights in Reserves; Assignment</u>.

The Reserves are solely for the protection of Lender and entail no responsibility on Lender's part beyond the payment of the respective costs and expenses in accordance with the terms thereof and beyond the allowing of due credit for the sums actually received. Upon assignment of the Loan by Lender, funds in the Reserves shall be turned over to the assignee as Lender may designate, and any responsibility of Lender, as assignor, with respect thereto shall terminate. The Reserves shall not, unless otherwise explicitly required by applicable law, be or be deemed to be escrow or trust funds, but, at Lender's option and in Lender's discretion, may either be held in a separate account or be commingled by Lender with the general funds of Lender. Upon full payment of the Obligations in accordance with its terms (or if earlier, the completion of the applicable conditions to release of each Reserve to Lender's satisfaction) or at such earlier time as Lender may elect, the balance in the Reserves then in Lender's possession shall be paid over to Borrower and no other party shall have any right or claim thereto.

Section 8.2 - <u>Remedies</u>.

Lender may exercise in respect of the Collateral all rights and remedies available to Lender hereunder or under the other Loan Documents or otherwise available at law or in equity.

Without limiting the generality of the foregoing or the provisions of paragraph (a) above, Upon the occurrence and during the continuance of an Event of Default Borrower acknowledges and agrees that Lender may, at its option, (i) hold the funds in the Cash Management Account and the Impound Account and/or (ii) continue from time to time to apply all or any portion of the funds held in the Cash Management Account or Impound Account to any payment(s) which such funds could have been applied to prior to such Event of Default (or to pay Cash Expenses, Net Capital Expenditures and Extraordinary Expenses, to the extent and in such order and manner as Lender in its sole discretion may determine), and/or (iii) disburse all or any portion of the funds held in the Cash Management Account or the Impound Account or other Collateral then or thereafter to Lender, in which event Lender may apply the funds held in the Cash Management Account, the Impound Account or other Collateral to the Obligations in any order and in such manner as Lender may determine in its sole discretion.

Section 8.3 - Right to Select Remedy; No Required Notice.

Upon the occurrence and during the continuance of any Event of Default, Lender may, at any time or from time to time, collect, appropriate, redeem, realize upon or otherwise enforce its rights with respect to the Collateral without notice to Borrower and without the need to institute any legal action, make demand, exhaust any other remedies or otherwise proceed to enforce its rights.

Section 8.4 - No Waiver; Remedies Cumulative.

No failure on the part of Lender to exercise, and no delay in exercising, any right under this Agreement or the Loan Documents shall operate as a waiver thereof; nor shall any single or partial exercise of any such right preclude any other or further exercise thereof or the exercise of any other right under this Agreement or the other Loan Documents. The remedies provided in this Agreement, the Notes, the Mortgage and the other Loan Documents are cumulative and not exclusive of any remedies provided at law or in equity. Lender reserves any and all rights to exercise the remedies provided for in this Agreement, the Notes, the Mortgage and the other Loan Documents for any existing default, whether known or unknown to Lender including, without limitation, the transfer of membership interest in Borrower executed on August 1, 2008 in violation of the Deed of Trust.

# IX.  Miscellaneous.

Section 9.1 - <u>Assignment</u>.

This Agreement shall bind and inure to the benefit of and be enforceable by the Borrower, the Lender, and their respective successors and assigns.  The Lender shall have the right to assign or transfer rights and obligations under this Agreement without limitation. Any assignee or transferee shall be entitled to all the benefits afforded the Lender under this Agreement; provided, that such assignee or transferee is also the assignee or transferee of the Notes and the other Loan Documents. The Borrower shall have the right to assign and transfer its rights and obligations hereunder only with the prior written consent of the Lender.

Section 9.2 - <u>Actions by Agents of Lender</u>.

Any duties or actions of the Lender hereunder may be performed by the Lender or its agent(s).

Section 9.3 - <u>Amendment</u>.

This Agreement may be amended from time to time in writing by all parties hereto. All amendments to this Agreement shall be in writing.

Section 9.4 - <u>Notices</u>.

All notices, demands, requests or other communications to be sent by one party to another hereunder or required by law shall be given and become effective as provided in the Loan Agreement.

Section 9.5 - <u>Counterparts</u>.

This Agreement may be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.   Any signature page of this Agreement may be detached from any counterpart of this Agreement without impairing the legal effect of any signatures thereon and may be attached to another counterpart of this Agreement identical in form hereto but having attached to it one or more additional signature pages.

Section 9.6 - <u>Limitation on Liability</u>.

Lender shall not be liable for any acts, omissions, errors in judgment or mistakes of fact or law, including, without limitation, acts, omissions, errors or mistakes with respect to the Collateral, except for those arising as a result of Lender's active gross negligence or willful misconduct. Without limiting the generality of the foregoing, except as otherwise expressly provided for herein or as required by applicable law, Lender shall have no duty as to any Collateral, as to ascertaining or taking action with respect to calls, conversions, exchanges, maturities, tenders or other matters relative to any Collateral, whether or not Lender has or is deemed to have knowledge of such matters, or as to the taking of any necessary steps to preserve rights against any parties or any other right pertaining to any Collateral. Lender is hereby authorized by Borrower to act on any written instruction believed by Lender in good faith to have been given or sent by Borrower.

Section 9.7 - <u>Mortgagee-in-Possession</u>.

Borrower hereby confirms and agrees that notwithstanding the provisions of this Agreement, Borrower retains sole control of the operation and maintenance of the Property, subject to the obligations of Borrower under the Mortgage, the Assignment of Leases and Rents and the other Loan Documents, and Lender is not and shall not be deemed to be a mortgagee in possession.

Section 9.8 - <u>Governing Law</u>.

THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEBRASKA.

Section 9.9 - <u>Termination</u>.

Lender shall terminate this Agreement upon the occurrence of a Mortgage Satisfaction Event and return to Borrower all monies then held in the Cash Management Account and the Impound Account less amounts owed to Lender.

LENDER:

MUTUAL OF OMAHA BANK, a federally chartered savings bank:

By     _____

        Stephen K. Sorensen, Senior Vice President

STATE OF NEBRASKA     )
                         )    ss.
COUNTY OF DOUGLAS    )

The foregoing instrument was acknowledged before me this _28_ day of ___October___, 2009, by Stephen K. Sorensen, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted, executed the instrument. He is the Senior Vice President of Mutual of Omaha Bank, a federally chartered savings bank, for and on behalf of said Mutual of Omaha Bank, and he acknowledged, signed and delivered the instrument as his free and voluntary act, for the uses and purposes therein set forth.

GENERAL NOTARY-State of Nebraska
BRANDI M. BALLAN
My Comm. Exp. Oct. 17, 2011

_____
Notary Public

SUTHERLANDS PLAZA, L.L.C., a Nebraska limited liability company:

By: _____

Robert L. Pelshaw, Manager of Sutherlands Plaza, L.L.C.

STATE OF NEBRASKA    )
                     ) ss.
COUNTY OF DOUGLAS    )

The foregoing instrument was acknowledged before me this *26* day of *October*, 2009, by Robert L. Pelshaw, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted, executed the instrument. He is a Manager of Sutherlands Plaza, L.L.C., for and on behalf of said Sutherlands Plaza, L.L.C., and he acknowledged, signed and delivered the instrument as his free and voluntary act, for the uses and purposes therein set forth.

| GENERAL NOTARY-State of Nebraska |
| MEGHAN GIBBONS |
| My Comm. Exp. Sept. 22, 2013 |

_Meghan Gibbons_
Notary Public

By: _____

Sam Murante, Manager of Sutherlands Plaza, L.L.C.

STATE OF NEBRASKA    )
                     ) ss.
COUNTY OF DOUGLAS    )

The foregoing instrument was acknowledged before me this _____ day of _____, 2009, by Sam Murante, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted, executed the instrument. He is a Manager of Sutherlands Plaza, L.L.C., for and on behalf of said Sutherlands Plaza, L.L.C., and he acknowledged, signed and delivered the instrument as his free and voluntary act, for the uses and purposes therein set forth.

_____
Notary Public

SUTHERLANDS PLAZA, L.L.C., a Nebraska limited liability company:

By: _____
     Robert L. Pelshaw, Manager of Sutherlands Plaza, L.L.C.

STATE OF NEBRASKA    )
                      ) ss.
COUNTY OF DOUGLAS  )

The foregoing instrument was acknowledged before me this _____ day of _____, 2009, by Robert L. Pelshaw, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted, executed the instrument. He is a Manager of Sutherlands Plaza, L.L.C., for and on behalf of said Sutherlands Plaza, L.L.C., and he acknowledged, signed and delivered the instrument as his free and voluntary act, for the uses and purposes therein set forth.

_____
Notary Public

By: _____
     Sam Murante, Manager of Sutherlands Plaza, L.L.C.

STATE OF NEBRASKA    )
                      ) ss.
COUNTY OF DOUGLAS  )

The foregoing instrument was acknowledged before me this 21st day of October, 2009, by Sam Murante, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted, executed the instrument. He is a Manager of Sutherlands Plaza, L.L.C., for and on behalf of said Sutherlands Plaza, L.L.C., and he acknowledged, signed and delivered the instrument as his free and voluntary act, for the uses and purposes therein set forth.

GENERAL NOTARY-State of Nebraska
MANDY WOOLERY
My Comm Exp. Feb. 5, 2010

_____
Notary Public

Signature Page to Construction Loan Agreement
Sutherlands Plaza, L.L.C.
S - 2

Exhibit A

Loan Documents

(a)     The Promissory Note, dated January 4, 2008.

(b)     The Promissory Note, dated September 28, 2009.

(c)     The Construction Deed of Trust, dated October 31, 2005 filed for record on November 18, 2005, and recorded in the office of the Register of Deeds of Douglas County, Nebraska at number 2005146341 (a "Mortgage").

(d)     The Deed of Trust, dated September 29, 2006 filed for record on October 2, 2006, and recorded in the office of the Register of Deeds of Douglas County, Nebraska at number 2006112825 (a "Mortgage").

(e)     The Assignment of Rents, dated September 29, 2006 filed for record on October 2, 2006, and recorded in the office of the Register of Deeds of Douglas County, Nebraska at number 2006112826.

(f)     The Modification of Deed of Trust, dated January 4, 2008 filed for record on January 8, 2008, and recorded in the office of the Register of Deeds of Douglas County, Nebraska at number 2008001947.

(g)     The Modification of Deed of Trust, dated February 15, 2008 filed for record on February 13, 2008, and recorded in the office of the Register of Deeds of Douglas County, Nebraska at number 2008013505.

(h)     The Business Loan Agreement, dated January 4, 2008.

(i)     The Commercial Guaranty of Robert L. Pelshaw, the Commercial Guaranty of Sam Murante, and the Commercial Guaranty of Property Ventures, L.L.C. in favor of Lender, all dated October 31, 2005;

(j)     All other or additional contracts, instruments, agreements, and documents executed by Borrower defined as Loan Documents in the Loan Agreement or that create,

perfect, or otherwise relate in any way to the indebtedness evidenced by the Notes or any lien or security interest created (or intended to be created) by any of the Loan Documents or the Obligations.

# United States Bankruptcy Court
### District of Nebraska

In re    **Robert Lee Pelshaw**                Case No.    **10-80982**

                            Debtor(s)                  Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ..........................................   $      **10,000.00**

     Prior to the filing of this statement I have received .........................   $      **10,000.00**

     Balance Due ....................................................................................   $      **0.00**

2.   The source of the compensation paid to me was:

     ☐ Debtor     ■ Other (specify):    **R.L. Pelshaw Co.**

3.   The source of compensation to be paid to me is:

     ■        Debtor             ☐        Other (specify):

4.   ■       I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods and judicial liens.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
         **Representation of the debtors in any dischargeability actions, preparation and filing of reaffirmation agreements, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **May 3, 2010**                      **/s/ Howard T. Duncan, PC**
                                            **Howard T. Duncan, PC 15851**
                                            **Duncan & Davis, P.C., L.L.O.**
                                            **1910 S 72nd St. #304**
                                            **Omaha, NE 68124-1734**
                                            **402-391-4904   Fax: 402-391-0088**
                                            **cathy@hduncanlaw.com**

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## District of Nebraska

In re    **Robert Lee Pelshaw**              Case No.    **10-80982**

                   Debtor(s)        Chapter    **11**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Robert Lee Pelshaw** | X | **/s/ Robert Lee Pelshaw** | **May  3, 2010** |
|---|---|---|---|
| Printed Name(s) of Debtor(s) | | Signature of Debtor | Date |
| Case No. (if known)  **10-80982** | X | | |
| | | Signature of Joint Debtor (if any) | Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                        Best Case Bankruptcy

**B22B (Official Form 22B) (Chapter 11) (01/08)**

In re    **Robert Lee Pelshaw**

                 Debtor(s)

Case Number:    **10-80982**

                 (If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | |
|---|---|---|---|---|

| | | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married, not filing jointly. **Complete only column A ("Debtor's Income") for Lines 2-10.**<br>c. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $ 0.00 | $ |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 7,000.00</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$ 0.00</td><td>$</td></tr><tr><td>c.</td><td>Business income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | | $ 7,000.00 | $ |
| 4 | **Net Rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero.<br><table><tr><td></td><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$ 3,850.00</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$ 0.00</td><td>$</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="2">Subtract Line b from Line a</td></tr></table> | | $ 3,850.00 | $ |
| 5 | **Interest, dividends, and royalties.** | | $ 0.00 | $ |
| 6 | **Pension and retirement income.** | | $ 0.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. | | $ 0.00 | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ | | $ 0.00 | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><table><tr><td></td><td>Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>$</td><td>$</td></tr><tr><td>b.</td><td>$</td><td>$</td></tr></table> | | $ 0.00 | $ |
| 10 | **Subtotal of current monthly income.** Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 thru 9 in Column B. Enter the total(s). | | $ 10,850.00 | $ |

B22B (Official Form 22B) (Chapter 11) (01/08)                                                                    2

| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $ | **10,850.00** |

| | **Part II. VERIFICATION** |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |

Date:  __May  3, 2010__                          Signature:  __/s/ Robert Lee Pelshaw__

                                               **Robert Lee Pelshaw**
                                                      (Debtor)

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                          Best Case Bankruptcy