Exhibit "1"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-80982 |
| | ) | Chapter 11 |
| ROBERT L. PELSHAW, | ) | |
| | ) | **PLAN OF REORGANIZATION** |
| Debtor. | ) | |

    COMES NOW Robert L. Pelshaw, Debtor and Debtor-in-Possession herein, and proposes the following Plan for confirmation by the Court.

### ARTICLE I.  DEFINITIONS

    A.  Bankruptcy Code:  Title 11 of the United States Code.

    B.  Debtor:  Robert L. Pelshaw, Debtor and Debtor-in-Possession, pursuant to Chapter 11 of the Bankruptcy Code, under a proceeding in the U.S. Bankruptcy Court for the District of Nebraska which proceeding is docketed at BK 10-80982, hereinafter referred to as the "Pelshaw".

    C.  Plan:  This Plan of Reorganization.

    D.  Effective Date:  The date thirty days following the date of the Order of Confirmation of the Plan entered by the United States Bankruptcy Court, or any other Court having jurisdiction of bankruptcy proceedings.

    E.  Confirmation of the Plan:  The entry by the Court of an Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

    F.  Consummation of Plan:  The accomplishment of all things contained or provided for in this Plan and the entry of an Order of Consummation finally dismissing this case.

    G.  General Definitions:  All terms employed herein shall have the meeting set forth in the United States Bankruptcy Code (11 U.S.C. Section 101 et seq.) unless specifically defined to the contrary herein.

### ARTICLE II.  CLASSIFICATION OF CLAIMS AND INTERESTS

    The following is a designation of all classes of claims, and classes of interests.

    A.  Class 1:  Administrative Expenses:  Members of such class consist of Howard T. Duncan, Attorney.

    B.  Class 2:  Secured Claims:  Members of such class consist of Cornhusker Bank, Mutual of Omaha Bank, Adair Asset Management/US Bank, and Nebraska Furniture Mart.

    C.  Class 3:  Unsecured Priority Claims:  Members of such class consist of the Internal Revenue Service and  the Nebraska Department of Revenue.

D. Class 4: General Unsecured Claims: Members of such class consist of the following:

All creditors listed on Schedule F as filed herein and as listed in the Disclosure Statement

E. Class 5: The Interest of the Debtor Herein.

## ARTICLE III.  CLAIMS AND INTEREST NOT IMPAIRED UNDER THE PLAN

Class 1 and Class 2 are not impaired under the Plan. All other classes are impaired.

## ARTICLE IV. EXECUTORY CONTRACTS AND LEASES

All executory contracts and leases as provided for herein are hereby accepted by the Debtor in this proceeding.

## ARTICLE V.  PROVISIONS FOR TREATMENT OF CLASSES

All claims as provided for in Class 1 and 2 shall retain their lien on property of the estate, if any, and their priority as it exists on the date of the filing of this Plan unless otherwise determined by the Court.

## ARTICLE VI.  PROVISIONS FOR EXECUTION OF THE PLAN

### A.    TREATMENT OF CLASS 1 ADMINISTRATIVE CLAIMS:

The administrative expenses of the Debtor's Chapter 11 case, allowed pursuant to Section 503(b) of the Bankruptcy Code and given priority by virtue of Section 507(a)(1) of the Code shall be paid upon proper application and allowance by the Court of such administrative expense, and shall be paid on the effective date of the Plan.

### B. TREATMENT OF CLASS 2 SECURED CLAIMS:

Proposed Treatment of Claims of Cornhusker Bank, Mutual of Omaha Bank, Adair Asset Management/US Bank, and Nebraska Furniture Mart:

Regular monthly payments shall be made. See Plan Summary for details.

### C. TREATMENT OF CLASS 3 UNSECURED PRIORITY CLAIMS:

1. General Provisions

Proposed Treatment of Claims of the Internal Revenue Service and the Nebraska Department of Revenue:

Regular monthly payments shall be made. See Plan Summary for details.

### D.  TREATMENT OF CLASS 4 UNSECURED CLAIMS:

1. General Provisions

The amount of the claim of any general unsecured claimant shall be determined by either the amount as listed in the Disclosure Statement and Schedules filed herein, or as listed in any Proof of Claim duly proved and allowed.  In the event there is a conflict between the amount as listed in the Proof of Claim and the amount as listed in the Schedules, then in that event, the amount listed in the Proof of Claim shall govern the amount of the claim until and unless the Debtor successfully objects to the claim herein.

Payment shall be made in the amount of $12,000.00 per month until all allowed unsecured claims shall have been paid in full. See Plan Summary for details.

### E.  TREATMENT OF CLASS 5 THE INTERESTS OF THE DEBTORS HEREIN:

1. General Provisions

The Debtor shall devote their time, experience, and efforts to completing payments pursuant to the Plan, operating the businesses, and otherwise providing income which will result in distribution to creditors as provided for herein.  Upon confirmation of the Plan, all of the property retained by the Debtor herein shall vest in the Debtor subject to all claims and interest of creditors, and it shall be granted a discharge.

## ARTICLE VII.  OTHER RECOVERY

Any other claims of the estate against any other party for which a recovery is made of any type whatsoever shall be included in the distribution pursuant to the Plan.  This section is without limitation as to the nature, type, or method of such recovery.

## ARTICLE VIII.  SPECIAL CONFIRMATION REQUEST

In the event that each class of claims established herein does not accept the Plan and is impaired, then in such event the Debtor hereby request the Bankruptcy Court to confirm this Plan pursuant to Section 1129 of the Bankruptcy Code.

## ARTICLE IX.  RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case pursuant to the Bankruptcy Code until the final allowance or disallowance of all claims affected by the Plan for all purposes until final consummation of this Plan.  The jurisdiction so retained shall include, but not be limited to, the following matter:

A. To enable the Debtor to consummate any and all proceedings which it may bring to recover any preferences, transfers, assets or damages to which it may be entitled under applicable provisions of the Bankruptcy Code, and other federal, state, or local law;

  B. To enable the Debtor to consummate any and all proceedings which it may bring to object to claims under applicable provisions of the Bankruptcy Code and other federal, state, or local laws;

  C. To adjudicate all controversies concerning the classification or allowance of any claim or equity security interest;

  D. To hear and determine all claims arising from the rejection of any executory contracts, including leases, or to determine and rule upon any pending applications or rejection of executory contracts, including leases;

  E. To liquidate damages in connection with any disputed, contingent, or unliquidated claims;

  F. To adjudicate all claims to a security or ownership interest in the property of the Debtor or any proceeds thereof;

  G. To adjudicate all claims and controversies arising out of any purchases, sales, or contracts made or undertaken by the Debtor during the pendency of these proceedings;

  H. To recover all assets and properties of the Debtor, wherever located;

  I. To hear and adjudicate all conflicts in interpretation of this Plan, including, without limitation, disputes concerning the occurrence of final consummation and make such orders and grant such equitable relief as may be necessary or appropriate to carry out and enforce the provisions of the Plan; and

  J. To make such other orders as are necessary or appropriate to carry out the provisions of this Plan.

## ARTICLE X.  DEFAULT

  It is specifically provided that no creditor or other party in interest may take any action adverse to the Debtor in this proceeding without a Notice of Default.  In the event the Debtor fails to comply with any terms of the Plan, then any creditor shall send to the Debtor and to the Debtor's attorney a Notice of Default.  If such default or defaults remain uncured for a period of thirty (30) days from and after the Notice of said default or defaults, then the party sending said Notice is free to take whatever action it deems necessary. In the absence of any default of the terms of this Plan, it is specifically provided that no creditor may take action adverse to the Debtor in this proceeding.

## ARTICLE XII. TERM OF PLAN

  The Plan term shall be an estimated period of sixty (60) months.

4

DATED: November 3, 2010.                ROBERT L. PELSHAW,
                                        Debtor


                                By: */s/ Howard T. Duncan*
                                    Howard T. Duncan
                                    Attorney No. 15851
                                    1910 S. 72nd Street, Suite 304
                                    Omaha, Nebraska 68124-1734
                                    (402) 391-4904
                                    Attorney for Debtor

5

# ROBERT L. PELSHAW'S PLAN SUMMARY

| Creditor | Debt Balance as of Petition Date | Interest Rate | Payment | Frequency |
|---|---|---|---|---|
| ADMINISTRATIVE CLAIMS | | | | |
| Administrative Claims, including but not limited to the Debtor's attorney fees, shall be given priority and shall be paid upon proper application and allowance by the Court of such administrative expense, and shall be paid on the effective date of the Plan. | | | | |
| SECURED CLAIMS | | | | |
| Adair Asset Management | $5,340.93 | 14% | $400.00 | Monthly until paid in full |
| Nebraska Furniture Mart | $14,403.00 | 18% | $600.00 | Monthly for 60 months or until paid in full, whichever occurs first |
| UNSECURED PRIORITY CLAIMS | | | | |
| Internal Revenue Service | $9,589.00 | 0.0% | $800.00 | Monthly for 12 months or until paid in full |
| NE Department of Revenue | Unsec. $1,250.00<br>Priority: $5,000.00<br>Total: $6,250.00 | 0.0% | $415.00 | Monthly for 12 months or until paid in full |
| UNSECURED CLAIMS | | | | |
| Payment shall be made in the amount of $12,000.00 per month starting February 1, 2011 for six (6) months, then $18,000.00 per month starting August 1, 2011 for six (6) months, then $24,000.00 per month beginning February 1, 2012 for forty-eight (48) for a total Plan term of sixty (60) months or as long as it shall require to pay all allowed unsecured creditors in full. All allowed unsecured claims shall be paid in full in the Plan. | | | | |