IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 11 |
| ROBERT LEE PELSHAW, | Case No. 10-80982 |
| Debtor. | **OBJECTION TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT** |

Pelstar Development, LLC ("Pelstar") and Ted Sleder, creditors of the Debtor, object to Debtor's Disclosure Statement (Filing No. 59) and Debtor's Motion for it's approval (Filing No. 60) for the following reasons:

1. 11 U.S.C. § 1125 requires that a disclosure statement, to be approved by the Court, must provide "adequate information" that would enable a hypothetical investor to make an informed judgment about the terms and provisions of the proposed plan to which the disclosure statement relates. Debtor's proposed Disclosure Statement fails in many respects to satisfy this statutory standard.

2. Debtor's proposed plan, as described in the Disclosure Statement, is predicated upon various financial difficulties for Debtor's affiliates being resolved on favorable terms. However, no information is provided in the Disclosure Statement on such matters as how such favorable resolutions will be achieved, what sources of funds are availbe to achieve such resolutions, or what a structure for such resolutions might look like.

562131.1

3. Plan terms described in the Disclosure Statement involve treatment of such claims as Cornhusker Bank and Mutual of Omaha Bank as follows: "Regular montly payments shall be made. See Plan Summary for details." But the Plan Summary document fails to provide any such details, and no source of funds for any such payments is identified.

4. The Disclosure Statement contains numerous statements regarding values of assets and equity values without providing any basis for how such valuations were determined and without any appraisals to support valuation and equity statements.

5. The Disclosure Statement contains numerous statements that are false.

6. Examples of lack of pertinent and accurate information in Debtor's Disclosure Statement include the following:

(a) Pelstar Development LLC (pages 2 & 3):

i. Statements of value are made without supporting appraisals or other information, such as: "With the current market conditions Pelstar has an asset value of about $16MM with net equity of more than $1MM for the stores in addition to approximately $600,000 in land that is free and clear";

ii. No information is provided about the pending Adversary Proceeding (Case No. 10-08035 in this Court) between Pelstar Development LLC and Debtor, or the allegations and claims thereof, other than a passing reference to "an Adversary action with regards to this bankruptcy filing" (page 3); and

iii. The following statement on page 3 is without any basis in fact: "Starostka has tentatively agreed with the terms, subject to a review from their counsel and Sleder's consent, which is pending."

(b) Pelstar Plane LLC and Steve Wiley Debt (page 3):

i. No mention is made of the fact that Bank of America, the secured creditor on the airplane held by such entity, sought and obtained relief from the automatic stay herein (*see* Filings No. 38 & 44);

562131.1

    ii. The following statement on page 3 is contrary to information contained in Filing No. 38: ""Pelshaw was the only one on the note"; and

    iii. The Disclosure Statement provides no context or indication of relevance or sources of funding or other details or financial information for the following statement appearing on page 3: "Pelshaw represents Wiley on development ground in Plattsmouth, Nebraska.  Pelshaw is hoping to develop it for him and use the fees to pay back this debt."  Further, no mention is made on why Pelshaw's future income should be used to "pay back this debt" and discriminate against other Pelshaw unsecured creditors.

  (c) Sutherlands Plaza LLC (page 4):

    i. No mention is made of the fact that this entity is a Chapter 11 debtor in this Court (Case No. 10-82588) or that Debtor Pelshaw is the person whose signature appears on the Sutherlands Plaza LLC voluntary petition;

    ii. No mention is made of the fact that a foreclosure proceeding was pending on this property prior to Sutherlands voluntary bankruptcy filing, although an admission exists in Filing No. 58 that Sutherlands is a single asset real estate case;

    iii. No mention is made of how the single asset real estate requirements are to be satisfied in the Sutherlands proceeding; and

    iv. The statement, "once the tenant improvements are done Pelshaw should clear $200,000" appearing on page 4, is made without any supporting information, indication of how tenant improvements are going to get done, or other context.

  (d) Washco Workout on pages 4 & 5:

    i. The Disclosure statement represents on page 5: "This note is currently in foreclosure, but Pelshaw is raising the funds to keep this cash flowing property"; but

    ii. No information is provided on how, from whom or where Pelshaw is raising such funds, particularly since the secured creditor demanded a halt to diversion of rents or profits.

  (e) CAP Properties LLC on page 5:

    i. Further disclosure is needed regarding details surrounding the following representation: "Bob Allen was kind enough to loan Pelshaw $85,000 when he needed it for the RAHD.  Pelshaw believed he would be

3

562131.1

able to pay the debt back from the pending Workforce funds. Bob Allen has been gracious and cooperative."

7. No mention is made in the Disclosure Statement about Debtor's affiliate Nick and Bob LLC, the assets of which, upon information and belief, are in a foreclosure process.

8. Filing No. 58 purports to be a "Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Estate of Robert L. Pelshaw Holds a Substantial or Controlling Interest." The actual information provided by such document, while minimal, is not positive in any way. For example:

(a) The financial statements for Robert Academy of Hair Design show minimal revenue, compared with "Net ordinary Income" of proportionally large, negative numbers;

(b) The financial statements for Sutherlands Plaza do not provide any information on how the pending single asset real estate bankruptcy requirements can be handled;

(c) The financial statements for Washco LLC makes no mention of the secured creditor's brick on rents from the property and fails to demonstrate how the pending foreclosure process can be handled or resolved; and

(d) No information is provided on source of funds for the Debtor and his proposed plan.

9. No mention is made in the Disclosure Statement of pending dischargeability claims against Debtor under 11 U.S.C. § 523 or of how such claims will be handled in the event the claims are determined to be not dischargeable.

4

562131.1

10. The Disclosure Statement makes no mention of any issues of a criminal nature. Upon information and belief, a search warrant was executed against Debtor on Friday, November 12, 2010, and full disclosure should be made in an amended document about details surrounding such issues.

WHEREFORE, Pelstar Development, LLC and Ted Sleder object to approval of Debtor's proposed Disclosure Statement.

Dated this 18th day of November, 2010.

>PELSTAR DEVELOPMENT, LLC, and
>TED SLEDER, Creditors of the Debtor,
>
>By: s/ *Donald L. Swanson*
>    Donald L. Swanson, #16385
>    Brian J. Koenig, #23807
>    KOLEY JESSEN P.C., L.L.O.
>    1125 South 103rd Street, Suite 800
>    Omaha, NE  68124
>    402-390-9500
>    402-390-9005 (fax)
>    Don.Swanson@koleyjessen.com
>    Brian.Koenig@koleyjessen.com
>
>Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

On this 18th day of November, 2010, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

>s/Donald L. Swanson

562131.1