UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEBRASKA

OMAHA DIVISION

| | |
|---|---|
| In re: | Case No.  10-80982-TJM |
| Robert Lee Pelshaw, | Chapter 11 |
| Debtors. | **OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN** |

MUTUAL OF OMAHA BANK, IT ASSIGNEES AND/OR SUCCESSORS, AND THE

SERVICING AGENT DOVENMUEHLE MORTGAGE, INC. ("Secured Creditor"), objects to

confirmation of Debtors' Chapter 11 Plan dated 11/3/2010.

### BACKGROUND

Secured Creditor holds a Deed of Trust on the real property ("Property") commonly

known as **1236 Cork Drive, Papillion, NE 68046.**

 As of 4/5/2010, the total amount in default was $2,391.73. This represents the monthly

payments, and attorneys' fees and costs, as further described in the Proof of Claim filed by

Secured Creditor.

### POINTS AND AUTHORITIES

The Disclosure Statement is incomplete and contains inaccurate information.  Because it

does not contain "adequate information" as required by 11 U.S.C. §1125 (a)(1), the Disclosure

Statement cannot be approved.  As discussed below, the Disclosure Statement does not contain

adequate information regarding the treatment of Secured Creditor.

Additionally, the Debtors' proposed Third Amended Plan of Reorganization (the "Plan"),

is not confirmable.  The Debtors have not provided any treatment for Secured Creditor.  As

discussed below, the Debtors' Plan is not feasible.

Objection to Chapter 11 Plan - 1
MH#NE-10-33280

**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone: (619) 243-3921

Any "party in interest" may object to the adequacy of a proposed disclosure statement. See FRBP 3017(a).  The Debtors' proposed Plan lists Secured Creditor's Claim as a Class 2 Secured Claim.

## I.      THE DISCLOSURE STATEMENT DOES NOT PROVIDE CREDITORS WITH ADEQUATE INFORMATION

The primary purpose of the Disclosure Statement is to provide Creditors with adequate information needed to decide whether to accept the plan.  See *In re Diversified Investors Fund XVII* 91 B.R. 559, 561 (Bankr. C.D. CA 1988) (citing *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985).  11 U.S.C. §1125 obligates a plan proponent to submit a disclosure statement with "adequate information," defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.

11 U.S.C. §1125 (a)(1).  Approval of a disclosure statement should be denied when it does not contain adequate information.

A "hypothetical investor" is a creditor belonging to a particular class and who is a "typical" member of that class.  The Debtors' Plan lists four Secured Claims – Secured Creditor's claim on the subject property, Saxon Mortgage Services, Inc.'s claim on 29006 Brookings Lane, Highland, CA 92346, J.P. Morgan Chase's claim on 30979 Granite Street, Mentone, CA 92359, and Bank of America's claim on 30979 Granite Street, Mentone, CA 92359.  In this case, Secured Creditor is a typical member of the class of Secured Claims, so the Disclosure Statement must provide adequate information that would enable Secured Creditor to make an informed judgment about the Plan.

Courts look at several factors in determining whether the Disclosure Statement contains adequate information sufficient for creditors to evaluate the Plan.  These factors include but are not limited to: (1) plan proponent, (2) plan type, (3) disclaimer, (4) information sources, (5) accounting method used, (6) case background, (7) debtor's affiliate relationships, (8) debtor's financial condition, (9) future events, (10) future management, (11) tax issues, (12), plan

**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone: (619) 243-3921

summary, (13) asset description and values, (14) claims, (15) 11 U.S.C. §1111(b) election, (16) estimated administrative expenses, (17) accounts receivable collectibility, (18) avoidances action values, (19) financial information supporting plan feasibility, (20) estimated liquidation recover, (21) plan risks, and (22) crambdown possibility.  See *In re Metrocraft Publishing Services, Inc.* 39 BR 567, 568 (BC ND GA 1984); *In re Scioto Valley Mortg. Co.* 88 BR 168, 171-172 (BC SD OH 1988); *In re Cardinal Congregate I* 121 BR 760, 765 (BC SD OH 1990.)  Although this list is not exhaustive and disclosure of all factors is not necessary in every case, these factors provide the Court with a useful starting point.  See *Id.*

## II.      THE CHAPTER 11 PLAN IS NONCONFIRMABLE

Although plan objections are usually considered at the confirmation hearing, where a plan is clearly nonconfirmable, it is a waste of time and resources to go through the confirmation process.  See *In re Valrico Square Ltd. Partnership* 113 B.R. 794, 795-796 (Bankr. S.D. FL 1990).  Disclosure statements should not be approved where the accompanying plan could not be approved pursuant to the requirements of 11 U.S.C. §1129(a).  See *In re Pecht* 57 B.R. 137, 141 (Bankr. E.D. VA 1986).

## III.      THE DISCLOSURE STATEMENT AND PLAN DO NOT PROVIDE TREATMENT OF SECURED CREDITOR'S CLAIM

In the Disclosure Statement, none of the Secured Creditors are discussed as to potential treatment.  In the Plan, it indicates that regular monthly payments shall be mad and to see the Plan Summary for details.  See Plan pg. 2.  The Plan Summary is silent as to Secured Creditor. As noted above, the amount in default is $2,391.73.  Further, the Plan and Disclosure Statement's silence as to Secured Creditor leaves Secured Creditor wondering if Debtors plan to propose a change in valuation or interest rate.

## IV.      THE PLAN DOES NOT SATISFY THE FEASIBILITY REQUIREMENT OF SECTION 1129 (A)(11)

11 U.S.C. §1129(a)(11) requires the debtor to demonstrate that confirmation of the plan is "not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or reorganization is proposed in the plan."  To satisfy the feasibility requirement of 11 U.S.C. §1129(a)(11), the debtor must "show concrete evidence of a

**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone: (619) 243-3921

sufficient cash flow to fund and maintain both its operations and obligations under the Plan."

See generally, 7 COLLIER ON BANKRUPCTY ¶1129.02[11] (15th ed., Lawrence P. King, ed.

2000).

## CONCLUSION

Any Chapter 11 Plan proposed by the Debtors must provide for and eliminate the

Objections specified above in order to be reasonable and to comply with applicable provisions of

the Bankruptcy Code.  Secured Creditor respectfully requests that confirmation of the Chapter 11

Plan as proposed by the Debtors be denied, or in the alternative, be amended to provide for full

payoff of the arrearages owed to Secured Creditor and cure the other deficiencies.


WHEREFORE, Secured Creditor prays as follows:

1.      That confirmation of the Proposed Chapter 11 Plan be denied, or in the

alternative, be amended to provide for full payoff of the arrearages owed to

Secured Creditor and cure the other deficiencies;

2.      For attorneys' fees and costs herein,

3.      For such other relief as this Court deems proper.


Dated: 11/23/2010                          /s/  Kristin A. Zilberstein

                                           Kristin A. Zilberstein, Esq. SBN 200041
                                           1770 Fourth Avenue
                                           San Diego, CA 92101
                                           Attorney for MUTUAL OF OMAHA BANK

**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone: (619) 243-3921

**CERTIFICATE OF SERVICE**

On 11/23/2010, I served the foregoing **OBJECTION TO CONFIRMATION OF PLAN** on the following individuals by electronic means through the Court's ECF program

COUNSEL FOR DEBTOR
Howard T. Duncan
cathy@hduncanlaw.com

First Westroads Bank  c/o Mark James LaPuzza
mjlbr@pheblaw.com

Mutual of Omaha Bank  c/o Andrew J. Whealy
andrew.whealy@kutakrock.com

Nebraska Department of Labor, Catherine D. Lang, Commissioner of Labor  c/o Thomas A. Ukinski
thomas.ukinski@nebraska.gov

Pelstar Development, LLC  c/o Brian J. Koenig
brian.koenig@koleyjessen.com

Pelstar Development, LLC  c/o Donald L. Swanson
don.swanson@koleyjessen.com

Centennial Bank c/o Steven J. Woolley
stevewoolley@mgwl.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Lucian Perta
Lucian Perta

On 11/23/2010, I served the foregoing **OBJECTION TO CONFIRMATION OF PLAN** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR
Robert Lee Pelshaw
PO Box 461059
Papillion, NE 68046

TRUSTEE
Patricia Fahey
111 So. 18th Plz, Suite 1148
Omaha, NE 68102

Mutual Of Omaha Bank
3333 Farnam St.
Omaha,, NE 68131

Cornhusker Bank
PO Box 80009
Lincoln,, NE 68501

Lyons State Bank
101 E Main St.
Lyons,, KS 67554

Southern Bank
302 Washington St.
Doniphan,, MO 63935

Uinta County Bank
695 Parkway Dr.
Mountain View, WY 82939

Omaha Neon Co.c/o C2C Systems
56 perimeter Center East #100
Atlanta,, GA 30346

First Westroads Bank
PO Box 241259
Omaha,, NE 68124

Sam Murante
2411 O St. #1
Omaha,, NE 68107

Centennial Bank
9003 S 145th St.
Omaha,, NE 68138

US Bank
222 S 72nd St.
Omaha,, NE 68114

Steve Willey
5935 S 132nd St.
Omaha,, NE 68137

Banker's Trust
10250 Regency Circle #115
Omaha,, NE 68114


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh